UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNIVERSITAS EDUCATION, LLC,<br><br>Plaintiff,<br><br>v.<br><br>JACK E. ROBINSON, III a/k/a JACK E. ROBINSON,<br><br>Defendant, | Civil Action No.<br>1:15-CV-11848 (DPW) |

## STATUS REPORT

This Status Report is submitted in accordance with the Order of this Court dated November 30, 2017 [Docket No. 133], in order to address the remaining issues in this case in light of the November 28, 2017 Suggestion of Death filed on behalf of the Defendant, Jack E. Robinson, III (the "Defendant" or "Robinson").

**I.  Impact of Defendant's Death:**

The Defendant died on November 21, 2017. Under Rule 25 of the Federal Rules of Civil Procedure, the Defendant's personal representative is to be substituted within ninety days of death. The November 28, 2017, Notice of Suggestion of Death filed pursuant to Fed.R.Civ.P. 25(a)(1) does not identify an executor or personal representative appointed on behalf of Robinson's estate and Universitas has not been informed by Robinson's counsel, or otherwise, as to whether a personal representative has been appointed, and, if so, the identity of the personal representative. It is anticipated that either a representative will be appointed or a temporary representative will be requested by Plaintiff, within the next sixty days. As of this date, Defendant's counsel is not aware of steps taken by the family to commence probate. Universitas, in the near future, intends to file a motion seeking to extend the time for filing a motion for substitution under Rule 25(a)(1) until

thirty (30) days after Universitas receives notice of the identity of the personal representative appointed on behalf of Robinson.

Another issue generated by Defendant's death is the question of which of Plaintiff's claims survive Defendant's death.

**A. Plaintiff's Position regarding Survival of Claims:**

Federal common law determines the survivability of the "First Claim" in the Complaint (RICO), [1] and since the Court has determined that New York law applies to claims Two through Ten, New York law would also determine which of those claims survive Defendant's death. See, e.g. Choksi v. Trivedi, 2017 U.S. Dist. LEXIS 51238 *6-7 (D. Mass. April 4, 2017) (Young, J.) ("Under the Restatement, 'the law selected by application of the rule of § 145 determines whether a claim for damages for a tort survives the death of the tortfeasor or of the injured person.'") (citing Restatement § 167). As to the Eleventh Claim, Universitas previously consented to dismissal of that claim. Each claim is discussed further as follows:

1. **First Claim: Violation of Racketeer Influenced and Corrupt Organizations Act ("RICO")**: This claim survives the Defendant's death under the applicable Federal common law.[2] See Allen v. Devine, 2011 U.S. Dist. LEXIS 123681 (E.D.N.Y.) (holding plaintiff's RICO and RICO conspiracy claims survived plaintiff's death because congress created private Civil RICO claim as a remedy for victims); Malvino v. Delluniversita, 840 F.3d 223 (5th

---

[1] "While state law controls the survival of state law claims, federal law governs the survival of federal claims." Butler v. Anderson (In re C.R. Stone Concrete Constr., Inc.), 462 B.R. 6, 20 and n. 77 (Bankr. D.Mass. 2011) (citations omitted); see also Official Comm. of Unsecured Creditors of Exeter Holdings, Ltd. v. Haltman, 2017 U.S. Dist. LEXIS 123752 *9 (E.D.N.Y. Aug. 3, 2017) ("When the right of action is federally created, then federal law controls on the survival of the action. . . Where a litigant's claim has its origins in state law, then it follows that the claim would survive the litigant's death if the 'applicable state law creates a right of survival.'") (quoting English v. Murph-Lattanzi, 2015 U.S. Dist. LEXIS 18114 at *2 (E.D.N.Y. Feb. 12, 2015)).

[2] The RICO statute does not specifically address the survivability of RICO claims after the death of the defendant. Accordingly, federal common law applies to determine whether claims under the RICO statute abate or survive. Epstein v. Epstein, 966 F. Supp. 260 (S.D.N.Y. 1997).

Cir. 2016) *(*holding that claims under the RICO statute are primarily remedial (not penal) and therefore RICO claims survive a party's death); Epstein, 966 F. Supp. 260 (RICO claim survived defendant's death because congress viewed the private RICO claim as a victim's remedy); Republic Pension Services, Inc. v. Finger, (E.D.N.Y. 1988) (finding RICO claim survived defendant's death under Federal Common law).

2. **Second Claim: Aiding and Abetting Fraud:** This claim survives under New York state law[3]: See NY EPTL § 11-3.2; Allen, 2011 U.S. Dist. LEXIS 123681 (granting a motion for substitution under Rule 25 following the death of the plaintiff and holding that the plaintiff's claims for fraud, RICO, RICO conspiracy, civil conspiracy to commit fraud, conversion, unjust enrichment and breach of fiduciary duty all survived the plaintiff's death under New York state law and Federal common law (regarding the RICO claims)); English v. Murphy-Lattanzi, 2015 U.S. Dist. LEXIS 18114 *3 (E.D.N.Y. 2015) ("Here, Plaintiff's claims for fraud, conversion and breach of fiduciary duty all involve injuries to Plaintiff's property. Therefore, under Section 11-3.2 all of Plaintiff's claims survive Defendant's death").

3. **Third Claim: Breach of Fiduciary Duty:** This claim survives: See NY EPTL § 11-3.2; Allen 2011 U.S. Dist. LEXIS 123681; English, 2015 U.S. Dist. LEXIS 18114 *3; Haltman 2017 U.S. Dist. LEXIS 123752 *19-21(claims for breach of fiduciary duty survive death of party under New York law because they allege injuries to Plaintiffs property).

---

[3] This Court has previously ruled that the Plaintiff's state law claims will be construed pursuant to New York state law in accordance with the Court's choice of law analysis. The survival of claims subject to New York state law is determined based on Section 11-3.2 of the Estates Powers and Trusts Law ("EPTL"), which "governs the survival of legal causes of action following a litigant's death." Haltman, 2017 U.S. Dist. LEXIS 123752 (E.D.N.Y. Aug. 3, 2017). "Section 11-3.2 of the EPTL states, in relevant part, that 'no cause of action for injury to person or property is lost because of the death of the person liable for the injury.'" Id. at 9-10 (citing EPTL Section 11-3.2) (additional citations omitted).

4. **Fourth Claim: Negligent Misrepresentation:** This claim should survive under New York state as it alleges injuries to the Plaintiff's property. See Id.

5. **Fifth Claim: Negligent Opinion**: Since the Fifth Claim involves the loss of Plaintiff's property this claim survives under New York state law. See NY EPTL § 11-3.2..

6. **Sixth Claim: Professional Malpractice**: Since the Sixth Claim involves the loss of Plaintiff's property this claim survives under New York state law. See NY EPTL § 11-3.2.

7. **Seventh Claim: Aiding and Abetting Breach of Fiduciary Duty:** This claim survives under New York law. See NY EPTL § 11-3.2; Allen U.S. Dist. LEXIS 123681; English, 2015 U.S. Dist. LEXIS 18114 *3; Haltman, 2017 U.S. Dist. LEXIS 123752 *19-21.

8. **Eighth Claim: Civil Conspiracy to Commit Fraud and Breach of Fiduciary Duty:** This claim survives. See EPTL § 11-3.2; Allen U.S. Dist. LEXIS 123681; English, 2015 U.S. Dist. LEXIS 18114 *3; Haltman, 2017 U.S. Dist. LEXIS 123752 *19-21.

9. **Ninth Claim: Conversion**: This claim survives. See NY EPTL § 11-3.2; Allen U.S. Dist. LEXIS 123681; English, 2015 U.S. Dist. LEXIS 18114 *3.

10. **Tenth Claim: Unjust enrichment**: This claim survives under New York law. See EPTL § 11-3.2; Allen U.S. Dist. LEXIS 123681; Haltman, 2017 U.S. Dist. LEXIS 123752 *19-21.

**B. Defendant's Position:**

At the present time there is nobody with authority to take a position of the survivability of claims on behalf of defendant. Such position with have to await substitution of defendant's estate as a party to this action.

## II. Pending Discovery Matters

### 1. Carpenter's Objection to Magistrate Judge Boal's Order of July 18, 2017

BASI provided administrative services to the Charter Oak Trust and Nova Group, Inc., in connection with the policies which were the subject of Universitas' claims against charter Oak Trust and Nova. On March 7, 2017, Universitas served BASI with a subpoena *duces tecum*, for production of documents. On March 20, 2017, Daniel Carpenter brought a proceeding in the United States District Court for the Southern District of New York ("**SDNY**"), the Rule 45 "Compliance Court," seeking to quash Universitas' Subpoena to BASI (the "**Carpenter Motion to Quash Action**"). That Motion was transferred to this Court[4] and subsequently referred to Magistrate Judge Boal for determination. Judge Boal entered an Order on July 18, 2017 [Carpenter Motion to Quash Action, Docket No. 28] compelling production of all documents sought by Universitas. Carpenter objected to Judge Boal's Order on July 31, 2017 and Universitas responded to Carpenter's objection on August 23, 2017. [Carpenter Motion to Quash Action, Docket Nos. 30 and 31]. The objection is ripe for determination.

### 2. Universitas' Motion for Order to Show Cause Why Benistar Admin. Services, Inc. Should Not be Held in Contempt for Filing to Produce Documents Pursuant to a Properly Served Subpoena Dueces Tecum or in the Alternative Motion to Compel

BASI has refused to produce the document required by Magistrate Boal's Order of July 18, 2017. As a result, on August 23, 2017, Universitas filed a Motion for Order to Show Cause Why Benistar Admin. Services, Inc. Should Not be Held in Contempt for Filing to Produce Documents Pursuant to a Properly Served Subpoena Duces Tecum or in the Alternative Motion to Compel. [Carpenter Motion to Quash Action, Docket No. 32-34]. On September 6, 2017,

---

[4] The Carpenter Motion to Quash Action is case 1:17-mc-91110-DPW.

BASI filed its Declaration and Opposition to Universitas' Motion for Order to Show Cause [Carpenter Motion to Quash Action, Docket No. 36, 37]. On September 15, 2017, the Motion for Order to Show Cause was referred to Magistrate Judge Boal for determination. The Motion is pending at this time. Since Robinson has taken no position on the Motion to Compel, and since it is directed at BASI, Robinson's death should not stay or otherwise suspend action on this Motion.

**Other Discovery Matters**.

There are several other discovery matters, as discussed in the parties' prior status report, that need to be resolved. Universitas served subpoenas on several entities and persons who provided services to members of the alleged "Carpenter Criminal Enterprise" (Complaint, ¶ 7). Some documents have been produced, as have privilege logs, which will likely be the subject of motion practice. The parties have also consulted regarding the claimed inadequacies of their respective document responses and interrogatory answers, but have not resolved their disagreements on those issues. Since the discovery deadline expired in August, Universitas is constrained to wait until the Court resolves Universitas' Motion to Extend the Discovery Deadline

**Robinson's Refusal to Participate in Discovery Pending Resolution of his Motion to Compel Arbitration**.

On May 31, 2017, Robinson filed a Motion to Compel Arbitration (see item 6, below). . Robinson informed Universitas that he would not participate in any discovery until his Motion to Compel Arbitration, discussed below, is resolved.

### III. Pending Motions

#### A. Robinson's Motion to Compel Arbitration [Docket No. 113] and Robinson's Motion for Leave to Reply to Plaintiff's Opposition to Motion to Compel Arbitration [Docket No. 120]

On May 31, 2017, Robinson filed a motion to dismiss for lack of subject matter jurisdiction, to compel arbitration and to stay all other proceedings and discovery [Docket No. 113]. On June 21, 2017, Robinson filed a motion to file a reply brief in support [Docket No. 120]. Universitas has opposed both motions [Docket Nos. 118, 119, 121]. While this Motion was ripe for determination at the time of Robinson's death the parties concur that it now cannot be decided until Robinson's personal representative is substituted as a defendant.

#### B. Universitas' Motion for Sanctions Pursuant to Rule 11 Against Robinson and his Counsel, Seth Marcus [Docket No. 123]

On August 4, 2017, Universitas filed a motion for Rule 11 sanctions against Robinson and Attorney Marcus for having filed the Motion to Compel Arbitration [Docket Nos. 123, 124, 125.] On August 11, 2017, Robinson and Attorney Marcus have opposed the sanctions motion [Docket No. 126]. The Motion against Defendant is not determinable until the personal representative for Robinson has been substituted. The parties differ on whether the Motion is ripe for determination as to Marcus.

#### C. Universitas' Motion for Extension of Discovery Deadline [Docket No. 128]

On August 15, 2017, Universitas filed a motion for extension of time to December 14, 2017 to complete discovery [Docket No. 128]. On August 16, 2017 Robinson opposed the motion [Docket No. 129]. Universitas reluctantly has concluded that this motion must await substitution

of a personal representative, but requests a general extension of the discovery deadline, subject to being revisited upon substitution of a personal representative for the Defendant.

,

,

| | |
|---|---|
| | UNIVERSITAS EDUCATION, LLC, |
| | |
| | By its Attorneys, |
| | RIEMER & BRAUNSTEIN LLP |
| */s/ Seth L. Marcus*[5] | By: */s/ Paul S. Samson*_____ |
| Seth L. Marcus, Esq. | Paul S. Samson, Esq., BBO No. 440160 |
| The Law Offices of Seth L. Marcus | Alissa L. Poynor, Esq., BBO No. 664077 |
| 777 Westchester Avenue, Suite 101 | Three Center Plaza |
| White Plains, NY 10604 | Boston, Massachusetts 02108 |
| (212) 686-2555 | (617) 880-3555 |
| Seth@slmarcuslaw.com | psamson@riemerlaw.com |
| Admitted *pro hac vice* | apoynor@riemerlaw.com |
| | -and- |
| | Paula K. Colbath, Esq. (admitted *pro hac vice*) |
| | Leily Lashkari, Esq. (admitted *pro hac vice*) |
| | LOEB & LOEB LLP |
| | 345 Park Avenue |
| | New York, New York 10017 |
| | (212) 407-4905 |
| | pcolbath@loeb.com |
| | llaskari@loeb.com |
| | *Attorneys for Plaintiff Universitas Education, LLC* |

---

[5] As my authority to act in this matter was terminated upon the death of Mr. Robinson, I, Seth Marcus cannot sign this document in any representative capacity. Any participation I have had with regard to this document has been as a courtesy to the court so that it could understand the status of this matter as of the death of Mr. Robinson and is non-binding as to any substituted party.

# **CERTIFICATE OF SERVICE**

       I, Paul S. Samson, hereby certify that the foregoing Status Report filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and that paper copies will be sent by first-class mail to those indicated and non-registered participants, if any, on December 18, 2017.

                                            */s/ Paul S. Samson*_____
                                            Paul S. Samson

2237347.2