**STATE OF MASSACHUSETTS**
**COUNTY OF PLYMOUTH**

AFFIDAVIT

IN CLERK OF
2019 JUL -8 PM 1:03

Before Me, the undersigned notary, *Ashley M. Bedard*, on this 28TH day of June, 2019, personally appeared LILLIAN GRANDERSON, known to me to be a credible person and of lawful age, who being by me first duly sworn on her oath, deposes and says:

**1.**
I, the undersigned affiant, Lillian Granderson, have been identified as a non-party witness to the following action, in which my deceased son, JACK E. ROBINSON, III, was a defendant.

| | |
|---|---|
| **Universitas Education, LLC}** | Civil Action No. 1:15-CV-11848 (DPW) |
| **Plaintiff   }** | District of Massachusetts |
| } | |
| Jack E. Robinson, III a/k/a   } | Case 8:19-mc-30-T-02JSS |
| Jack E. Robinson              } | |
| **Defendant  }** | Middle District of Florida |

**2.**
**I Have Been Cooperative**
As a non-party witness related to the above referenced cause of action, I have been substantially cooperative.
I responded to a subpoena deuces tecum, and at my own expense, I paid for an attorney to prepare me for the hours of inquiry and testimony, and to appear with me at the "testimony under oath," that the attorney argued to have moved from Naples to Sarasota. I refer to that session as a testimony under oath because I recall that
my attorney argued that the session was not a deposition because you had not served all parties to the action, as required by the federal statutes. My understanding is that you have yet to comply with that statute; therefore, the issue of whether it is a deposition must be addressed by the court. I have filed a Motion to Quash and a Motion for Protective Order.

**3.**
**I Submitted Documents**
In addition to appearing for the testimony under oath in Sarasota, I submitted all documents that I found at my residence that were addressed to my now deceased son, Defendant Jack E. Robinson. You copied what you found to be relevant, and returned the documents to me.

I did not withhold correspondence addressed to my son.

**4.**
**I Informed You of a Will**
At that time, I was overcome with grief, but was able to make you aware that contrary to your belief, my son died testate. I informed you that the original of his will had been filed in the court at Collier County, Florida. I was no longer in possession of the will after I found that his personal estate had no assets, I destroyed my copy and declined to probate.

As a point of clarification, I stated under oath, that the estate was insolvent. Therefore, I chose not to probate. In that regard, I note for the record that the life insurance and the payable on death financial account are both outside of my son's estate because they both have named beneficiaries.

I assessed Shadow Ridge Properties, LLC (SRP) differently. It was owned by my son and Maxine Novak in equal shares. My son conveyed to me his 50 per cent equity through his Last Will and Testament. Characteristically, that property would have been an estate asset. However, Novak told me, and later stated under oath, that when my son died, the account for Shadow Ridge Properties, LLC was overdrawn. Consequently, she established Shadow Ridge Properties II, LLC to dissolve the original SRP. At the time of my son's death, SRP had no assets and Novak offered to use her own funds to phase out the business.

I did not object.

She reported that she transferred the last two remaining properties to Shadow Ridge Properties II, LLC in order to close out and dissolve the original SRP, which was listed in the will. According to Novak, neither Shadow Ridge nor Shadow Ridge II had any equitable value.

According to Novak's report, I had no asset to probate. Novak has the relevant documentation.

5.
## "No" to Continued Harassing Questioning
I have said all that I know and I have said all that I can say. I restate, I know nothing about my son's professional transactions. I have nothing more to offer.

6.
## "No" to Search of My Private Computer
Additionally, I do not want you or your assignees, whom I do not know, to invade my very private residence to conduct a meaningless search through my personal-use computer. At 92 years of age, I have learned just enough to send to and receive from my few remaining friends messages about events and deaths. I reiterate that my son did not use my very limited version of a home computer. Your plan to dispatch a team of "unknowns" to my private environment to search through very personal correspondences is an unwarranted invasion of my privacy. I have petitioned the court for protection from that unnecessary intrusion.

I remind you that I am not a defendant in this cause of action.
I sent notice to you that my refrain at another testimony under oath would be automatic, "I do not know." At my age, I would be watching money needlessly disappear when I must pay for my attorney to accompany me to sit and offer the same response, "I do not know."

I find it to be harassing for you to badger me about testifying when you are aware of potential witnesses with whom my son had first-hand business transactions, his "Associates." None of

those people has been deposed. In that regard, I have filed a Motion for Protective Order to address your constant badgering of me while others, with first-hand knowledge, have been given a bye on depositions for answers that they could provide to you. I feel battered by you and your tactics of harassing me with questions that I cannot answer, and that you know can be directly and specifically answered by others.

X _[signature]_

***Lillian Granderson**, Affiant*
Address: 770 South Palm Ave., Apt. 402
Sarasota, FL 34236

Sworn to (or affirmed) and subscribed before me this ___ day of June, 2019, by Lillian Granderson, non-party witness.

_[signature]_
(Signature of Notary Public - State of Massachusetts)

ASHLEY M. BEDARI
Notary Public
Commonwealth of Massachusetts
My Commission Expires November 11, 2022