# EXHIBIT A

DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/7/12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
UNIVERSITAS EDUCATION, LLC,
                             Petitioner,

                            11 CIVIL 1590 (LTS)(HBP)

        -against-

                            **JUDGMENT**

NOVA GROUP, INC.,
                             # 12, 1003
                             Respondent.
-----------------------------------------------------------X

Petitioner Universitas Education, LLC having moved to confirm a January 24, 2011 Phase I arbitration award against Respondent Nova Group, Inc.; Respondent having cross-moved to vacate the award, and the matter having been brought before the Honorable Laura T. Swain, United States District Judge, and the Court, on June 5, 2012, having issued its Memorandum Order granting the petition for confirmation of the Award, denying Respondent's cross-motion for vacatur of the Award is denied, and directing the Clerk of Court to enter judgment confirming the January 24, 2011, Phase I Arbitration Award, awarding Petitioner $26,558,308.36, plus interest thereon from January 24, 2011, at the rate of 10% per annum ($3,623,571.94), for a total judgment of $30,181,880.30, and closing this case as well as the member case, No. 11 Civ. 8726, it is,

**ORDERED, ADJUDGED AND DECREED:** That for the reasons stated in the Court's Memorandum Order dated June 5, 2012, the petition for confirmation of the award is granted; Respondent's cross-motion for vacatur of the Award is denied; and judgment is entered confirming the January 24, 2011, Phase I Arbitration Award, awarding Petitioner $26,558,308.36, plus interest thereon from January 24, 2011, at the rate of 10% per annum ($3,623,571.94), for a total judgment of $30,181,880.30; accordingly, this case is closed as well as the member case, No. 11 Civ. 8726.

**Dated:** New York, New York
      June 7, 2012

                                          **RUBY J. KRAJICK**

                                          **Clerk of Court**

                        **BY:** _____

                                            **Deputy Clerk**

                              **THIS DOCUMENT WAS ENTERED**
                              **ON THE DOCKET ON** _____

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

UNIVERSITAS EDUCATION, LLC,

                Petitioner,

  -v-                                                       No. 11 Civ. 1590 (LTS)(HBP)

NOVA GROUP, INC.,

                Respondent.

-------------------------------------------------------x

## ORDER

        Petitioner Universitas Education, LLC ("Universitas") moves for an award of $1,101,232.84 in post-judgment attorneys' fees and costs, pursuant to section 8.02(d) of the Charter Oak Trust Welfare Benefit Plan ("Charter Oak Trust"), and $132,758.93 in post-judgment interest, against Respondent Nova Group, Inc. ("Nova"). (Docket entry no. 330.) Universitas also applies for $34,980.00 in attorneys' fees incurred in prosecuting a Rule 11 motion against Nova, as well as $41,329.13 in attorneys' fees to be awarded as sanctions imposed against Joseph Pastore III, Esq., under 28 U.S.C. § 1927, pursuant to this Court's September 30, 2013, orders awarding such sanctions to Universitas. (Docket entry nos. 293 and 295.) Universitas further requests that the $268,810.01 in attorneys' fees awarded in the Court's October 5, 2012, order (docket entry no. 162) be reduced to judgment.

        Nova filed timely objections to both applications for attorneys' fees. Nova does not object to Universitas' application for reduction of the earlier award of $268,810.01 to judgment. Mr. Pastore filed a timely objection to the sanctions-related application for an award of attorneys' fees against him.

The Court has subject matter jurisdiction of the litigation between Universitas and Nova pursuant to 28 U.S.C. §§ 1331 and 1332, and ancillary jurisdiction of the Section 1927 issues relating to Mr. Pastore. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 379-80 (1994) (ancillary jurisdiction is available to "compel payment of opposing party's attorney's fees as sanction for misconduct" (citing Chambers v. NASCO, Inc., 501 U.S. 32 (1991))).

The Court has reviewed carefully all of the parties' submissions and arguments. For the following reasons, Universitas' motion for attorneys' fees against Nova is granted in part and denied in part, and Universitas' application for attorneys' fees against Joseph Pastore III, Esq., is granted in full. Judgment will be entered with respect to the October 5, 2012, attorneys' fee award against Nova.

### BACKGROUND

Familiarity with the Court's prior decisions in this case is assumed.

On September 30, 2013, the Court adopted the first May 21, 2013, Report and Recommendation of Magistrate Judge Henry Pitman, (docket entry nos. 295 & 252), sanctioning Nova and its attorney Jack Robinson[1] under Federal Rule of Civil Procedure 11 for improperly moving to dismiss for lack of subject matter jurisdiction. The Court also adopted Magistrate Judge Pitman's second May 21, 2013, Report and Recommendation, (docket entry no. 293 & 253), recommending that Nova's previous attorney, Joseph Pastore III, Esq., be sanctioned pursuant to 28 U.S.C. § 1927 for filing excessive motions to quash subpoenas and a frivolous motion to reconsider. The Court granted Universitas leave to apply for attorneys' fees and costs,

---

[1] Mr. Robinson settled the issue of fees with Universitas, and thus the application for attorneys' fees against him is moot.

which Universitas did in a timely fashion.

## DISCUSSION

Attorneys' Fee Award Pursuant to the Charter Oak Trust

As noted in this Court's October 5, 2012, order (docket entry no. 162), the Charter Oak Trust provides that "all costs of the prevailing party (including attorneys' fees and costs), as well as the costs of arbitration, shall be borne exclusively by the non-prevailing party." (November 12, 2013, Colbath Aff. Ex. A, at 11.) Although courts generally default to the "American Rule," granting no attorneys' fees to a prevailing party, contractual provisions allocating costs supersede the rule. See Alyeska Pipeline Service Co. v. Wilderness Society, 421 U.S. 240, 258 (1975) (noting the American Rule applies "absent statute or enforceable contract"). Accordingly, Universitas is entitled to reasonable attorneys' fees incurred in this litigation.

In awarding attorneys' fees, the court is required to calculate the "presumptively reasonable fee," by determining a reasonable hourly rate and multiplying it by the reasonable amount of hours required by the case. Millea v. Metro-North, 658 F.3d 154, 166 (2d Cir. 2011); see also Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty of Albany, 522 F.3d 182, 183 (2d Cir. 2007) (adopting "presumptively reasonable fee" principle). The fee applicant must establish that the hours worked and rates requested are reasonable. See Hensley v. Eckerhart, 461 U.S. 424, 436 (1983).

Nova contends that Universitas has not provided sufficient evidence to support the hours and rates claimed. The Court disagrees. Universitas has provided detailed time sheets that explain the amount of time spent and the specific tasks completed. Further, Universitas has provided evidence that its attorneys' requested rates are consistent with those typically paid in

this district.  See Arbor Hill, 522 F.3d at 191 (presuming a reasonable client would hire counsel "whose rates are consistent with those charged locally").  The Court also notes that the complexity and relentlessness of Nova's efforts to avoid satisfaction of the judgment, as well as the proliferation of motion practice, justify the time spent and warrant compensation at the rates requested.

Nova's objections that the fee-shifting provision of the Charter Oak Trust extends only to attorneys' fees directly incurred in arbitration proceedings is baseless.  This litigation was necessitated by the relentless efforts of Nova and its affiliates to prevent Universitas from realizing the benefit of its arbitration victory.  To permit the losing party to erode the value of the award and of the fee reimbursement rights under the contract by engaging in a protracted and uncompensable war of attrition would be contrary to the remedial purpose of the contractual provision.

Therefore, Universitas' motion for post-judgment attorneys' fees and costs in the amount of $1,101,232.84² is granted.

The Rule 11 Attorney Fee Award Against Nova Group

Nova argues, and the Court agrees, that the fees requested by Universitas pursuant to this Court's September 30, 2013, order should be reduced to reflect the fact that all the work cited by Universitas from May 21, 2013, onward was not related to Nova's sanctionable litigation efforts.  The notations in Universitas' time sheets beginning May 21, 2013, reflect work done in response to actions by Mr. Pastore and Mr. Robinson, rather than Nova.  (October

---

² Nova's liability for $41,329.13 of this amount is joint and several with that of Joseph Pastore, Esq., under the sanctions award imposed below.  Thus, Nova is not responsible for the payment of any portion of this amount that is satisfied by Mr. Pastore, whois the primary obligor in respect of the sanction award.

25, 2013, Colbath Aff. Ex. A, at 2). Accordingly, the fees requested by Universitas are reduced to deny compensation for time spent responding to the objections of Mr. Pastore and Mr. Robinson, specifically 9.7 hours at a rate of $450.00 an hour, for a reduction of $4,365.00 plus one hour at $375.00, for a total reduction of $4,740.00.

Nova's arguments against the sufficiency of the evidence provided by Universitas are without merit for the reasons discussed above. The time sheets provided by Universitas, as well as surveys demonstrating the rates charged by comparable New York firms, constitute a sufficient evidentiary record. Nova also disputes the reasonableness of the hours expended by Universitas. Having presided over this contentious litigation, however, the Court finds that the amount of time spent by Universitas' attorneys was reasonable. See Bliven v. Hunt, 579 F.3d 204, 213 (2d Cir. 2009) (holding that "the district court . . . may look to its own familiarity with the case and its experience generally" in determining reasonableness). Accordingly, the Court awards Universitas $30,240.00 in attorneys' fees spent litigating the Rule 11 motion against Nova.

The 28 U.S.C. § 1927 Award Against Joseph Pastore III, Esq.

Mr. Pastore asserts in his opposition to Universitas' application for attorneys' fees that an award of the full $41,329.13 incurred by Universitas would be unreasonable considering overall his past record of practice as a member of the bar. Mr. Pastore's record notwithstanding, his actions in this case were unacceptable, and the sanction is properly reflective of that fact. Universitas' application for attorneys' fees against Joseph Pastore III, Esq., which reflects reasonable billing rates and time necessarily spent in opposing Mr. Pastore's improper conduct in this case, is granted in full.

Post-Judgment Interest

Post-judgment interest is allowed pursuant to 28 U.S.C. § 1961 on money judgments in civil cases. Using the statutorily mandated rate of interest, compounded annually, the amount of interest due on Universitas' judgment of $30,181,880.30 is $132,758.93.

CONCLUSION

For the aforementioned reasons, Universitas is granted $1,101,232.84 in attorneys' fees and costs, and $132,758.93 in post-judgment interest against Nova, without prejudice to further interest accruals on unsatisfied amounts. Universitas' request to reduce the October 5, 2012, attorneys' fee award of $268,810.01 against Nova to judgment is granted. Universitas is also awarded $41,329.13 in attorneys' fees against Joseph Pastore III, Esq. The Clerk of the Court is requested to enter judgment accordingly.

This order resolves docket numbers 314 and 330.

SO ORDERED.

Dated: New York, New York
September 30, 2014

                                                 /s/ Laura Taylor Swain
                                                 LAURA TAYLOR SWAIN
                                                 United States District Judge

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED 08/12/2014

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------X
UNIVERSITAS EDUCATION, LLC,

                  Petitioner,             11 **CIVIL** 1590 (LTS) (HBP)
                                         11 **CIVIL** 8726 (LTS) (HBP)

    -against-

                                                  **JUDGMENT**

NOVA GROUP, INC.,
                  Respondent.
------------------------------------------------------------X

        Whereas following entry of judgment in its favor in the above captioned-actions, Universitas Education, LLC ("Petitioner") having moved seeking, pursuant to New York Civil Practice Law and Rules ("C.P.L.R.") section 5225(b) and Federal Rules of Civil Procedure 69, the turnover of assets by respondent Daniel E. Carpenter and his affiliated entities Grist Mill Capital, LLC, Grist Mill Holdings, LLC, the Grist Mill Trust Welfare Benefit Plan, Avon Capital, LLC, Hanover Trust Company, Carpenter Financial Group and Phoenix Capital Management, LLC (with Carpenter, the "Turnover Respondents"), as well as permanent injunctive relief barring the transfer by the Turnover Respondents of money and assets, including certain specified insurance policies, until Petitioner's judgment against Nova Group, Inc., has been satisfied (Docket entry no. 308 in case number 11 Civ. 1590); Mr. Carpenter and certain third parties having moved to modify the temporary injunction to allow transactions between themselves and certain of the Turnover Respondents (See docket entry nos. 409, 412, and 448 in 11 Civ. 1590), and the matter having come before the Honorable Laura Taylor Swain, United States District Judge, and the Court, on August 7, 2014, having rendered its Memorandum Opinion and Order granting Petitioner's turnover motion, granting Petitioner money judgments as follows: against Daniel E. Carpenter in the amount of $30,600,000.00; against Grist Mill Capital, LLC, in the amount of $30,600,000.00; against Grist Mill Holdings, LLC, in the amount of $21,000,000.00; against Carpenter Financial Group, in the amount of $ 11,140,000.00;

against Avon Capital, LLC, in the amount of $6,710,065.92; against Phoenix Capital Management, LLC, in the amount of $5,000,000.00; against Grist Mill Trust Welfare Benefit Plan, and any trustees and plan sponsors thereto insofar as they hold Grist Mill Trust assets, in the amount of $4,487,007.81; and against Hanover Trust Company, in the amount of $1,200,000.00; directing the Clerk of the Court to enter judgment against the Turnover Respondents accordingly; Liability under the judgment is joint and severally; denying as moot Petitioner's request for permanent injunctive relief; denying each of the third-party motions to modify the preliminary injunction, docket entry numbers 409, 412, and 448 in 11 Civ. 1590, as the primary injunction is hereby terminated pursuant to the provisions of the January Order, because Petitioner's motion for turnover has been resolved, it is,

**ORDERED, ADJUDGED AND DECREED:** That for the reasons stated in the Court's Memorandum Opinion and Order dated August 7, 2014, Petitioner's turnover motion is granted; Petitioner is hereby granted money judgments against the Turnover Respondents as follows: against Daniel E. Carpenter in the amount of $30,600,000.00; against Grist Mill Capital, LLC, in the amount of $30,600,000.00; against Grist Mill Holdings, LLC, in the amount of $21,000,000.00; against Carpenter Financial Group, in the amount of $11,140,000.00; against Avon Capital, LLC, in the amount of $6,710,065.92; against Phoenix Capital Management, LLC, in the amount of $5,000,000.00; against Grist Mill Trust Welfare Benefit Plan, and any trustees and plan sponsors thereto insofar as they hold Grist Mill Trust assets, in the amount of $4,487,007.81; and against Hanover Trust Company, in the amount of $1,200,000.00; liability under the judgments is jointly and severally; Petitioner's request for permanent injunctive and other equitable relief are denied; each of the third-party motions to modify the preliminary injunction, docket numbers 409, 412, and 448 in 11 Civ. 1590 are denied as moot, as the preliminary injunction is hereby terminated pursuant

to the provisions of the January Order, because Petitioner's motion for turnover has been resolved.

**Dated:** New York, New York
August 12, 2014

**RUBY J. KRAJICK**

**Clerk of Court**

**BY:** *K. Mango*

**Deputy Clerk**