# EXHIBIT C

## SETTLEMENT AGREEMENT

This Post-Judgment Settlement Agreement ("Agreement") is made by and between Universitas Education, LLC ("Universitas"), Donna Vassar ("Vassar"), Sharon Siebert ("Siebert"), and Riemer Braunstein, LLP ("Firm"), collectively referred to as the "Parties" or individually as a "Party."

## RECITALS

WHEREAS, on May 18, 2019, Firm initiated an action in the Superior Court of the Commonwealth of Massachusetts, Suffolk County ("Court") against Universitas, Vassar, and Siebert (collectively "Defendants") for, *inter alia*, breach of contract, in connection with the nonpayment of certain legal fees incurred by Universitas during Firm's representation of Universitas, which is captioned *Riemer Braunstein LLP v. Universitas Education, LLC et al.*, Case No. 1984CV01493 (2019) (the "Lawsuit"); and

WHEREAS, Firm alleged in the Lawsuit that Defendants owed Firm $402,201.08 for legal services performed in Firm's representation of Universitas in multiple matters related to the execution of a Judgment against, *inter alia*, Daniel E. Carpenter, Nova Group, and Charter Oak Trust; and

WHEREAS, the Parties entered into a non-binding mediation before JAMS Mediation, Arbitration, and ADR Services (the "Mediation") on February 4, 2020; and

WHEREAS, the Parties entered into a JAMS Settlement Agreement (the "JAMS Settlement"), which required Defendants to pay Firm $275,000 in full settlement of Firm's claims in the Lawsuit by September 5, 2020. The Parties also agreed to stay the Lawsuit and update the Court regarding the status of the JAMS Settlement on or after September 5, 2020; and

WHEREAS, the Defendants failed to pay Firm $275,000 on or before September 5, 2020 as required by the JAMS Settlement due to their inability with the COVID-19 pandemic to proceed to judgment in the cases listed in Exhibit A; and

WHEREAS, the Parties stipulated to an Agreement of Judgment ("Judgment") in the Lawsuit, which was submitted to the Court on September 8, 2020; and

WHEREAS, the Judgment enters judgment in favor of Firm against Defendants, in the amount of $275,000.00, with no pre-judgment interest or costs, but with post-judgment interest accruing at 12% per annum.

WHEREAS, Firm agrees that it will not seek to enforce the Judgment before December 1, 2020.

NOW, THEREFORE, in consideration of the mutual promises made herein, the Parties hereby agree as follows:

## I. Settlement Agreement

(a) Per the terms of the Judgment, Universitas, Siebert, and/or Vassar must pay Firm $275,000.00 in full satisfaction of the judgment entered against Universitas, Siebert and Vassar in the Lawsuit plus post judgment interest. Firm will receive first priority on any recovery of funds from Daniel E. Carpenter or any related entities and any recovery from any litigation related to the recovery of the funds stolen by Daniel Carpenter and his affiliates and affiliated entities from Universitas. A list of all pending cases seeking to recover money or assets from Daniel Carpenter and his affiliated entities is attached herein as Exhibit A.

(b) Firm shall not initiate collection actions or otherwise seek to enforce the Judgment before December 1, 2020.

(c) If the Judgment is paid before December 1, 2020, post-judgment interest will be waived.

## II. Entire Agreement

This Agreement constitutes the entire agreement of the Parties related to the Claims. No term, provision, or condition of this Agreement may be modified in any respect except by a writing executed by each Party.

## III. Choice of Law

This Agreement shall be interpreted and construed in accordance and shall be governed by the laws of Massachusetts and, where applicable, the laws of the United States. Any litigation related to any dispute under this Agreement shall be brought exclusively in the state or federal courts of Suffolk County, Massachusetts. Each Party expressly consents to the jurisdiction of such court in the event of such litigation.

## IV. Counterparts

This Agreement may be executed in counterparts and by facsimile, and each counterpart and facsimile shall have the same force and effect as an original and shall constitute an effective, binding agreement on the part of each of the undersigned.

**Signatures on Next Page**

IN WITNESS HEREOF, the Parties have duly executed this Agreement in multiple originals as of the date so states.

**Riemer Braunstein, LLP**

_/s/ Peter H. Sutton_  
By: __Peter H. Sutton__  
Its Authorized Representative

9/8/2020  
Date

**Universitas Education, LLC,**
**Donna Vassar and Sharon Siebert**

By: _Joseph L. Manson III_  
Their Authorized Representative

9/4/20  
Date

3

# EXHIBIT A

## List of Cases

1. *Universitas Education, LLC v. Jack E. Robinson, III a/k/a Jack E. Robinson*, No. 1:15-CV-11848 (DPW) (D. Mass. 2015).[1]
2. *Universitas Education, LLC v. SDM Holdings, LLC et al.*, No. 14-FJ-05-HE (W.D. Okla. 2014).
3. *Universitas Education, LLC v. Benistar, et al.*, No. 3:20-cv-000738-JAM (D. Conn. 2020).
    a. Pre-Judgment Remedy Attachments:
        i. 100 Grist Mill Road, Simsbury, CT owned by Grist Mill Partners, LLC;
        ii. 18 Pond Side Lane, Simsbury, CT owned by Molly Carpenter; and
        iii. 392B Cards Pond Road, South Kingstown, RI owned by Moonstone Partners.

2642568.1

---

[1] This includes any future related litigation, including but not limited to, claims and lawsuits brought against Lillian Granderson or any other affiliates or family of Mr. Robinson.

4