| | |
|---|---|
| UNIVERSITAS EDUCATION, LLC<br><br>Plaintiff,<br><br>v.<br><br>JACK E. ROBINSON, III a/k/a JACK E. ROBINSON,<br><br>Defendant. | Civil Action No.<br>1:15-CV-11848 (DPW) |

## PLAINTIFF UNIVERISTAS EDUCATION, LLC'S OPPOSITION TO MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

Plaintiff Universitas Education, LLC ("Universitas"), by and through counsel, files its Opposition to Lillian Granderson's ("Granderson") Motion to Intervene and Set Aside the Default and Dismiss for Lack of Subject Matter Jurisdiction (the "Motion to Dismiss") and respectfully requests that this Court deny the Motion to Dismiss.

## INTRODUCTION

Ms. Granderson has finally entered an appearance in this case—nearly two years after Universitas located Ms. Granderson and informed her that there was an ongoing case against her deceased son, Defendant Jack E. Robinson III, and that she was the only appropriate representative of Mr. Robinson's estate. Though she has been aware of the case for years and was aware of the Motion for Summary Judgment pending against Defendant Robinson, she chose not to make an appearance before this Court and defend the action. It was only after Universitas moved for a default, and later a default judgment, which could implicate money that Ms. Granderson wrongfully withheld from the estate, that she finally entered an appearance.

Now, Ms. Granderson has filed a meritless Motion to Dismiss in a last-ditch attempt to prevent Universitas from collecting money and assets in her possession that rightfully belonged to Mr. Robinson's estate. Her Motion to Dismiss, which also appears to serve as a motion to intervene, is not only meritless, but also contains numerous misstatements of law and fact. Ms. Granderson essentially argues that this Court does not have diversity jurisdiction over the case because Mr. Robinson, an indispensable party, is dead. This is both wrong and irrelevant. This Court has subject matter jurisdiction over this case because Universitas was permitted to proceed on its Racketeer Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C. §§ 1962-1964, and thus this Court has federal question jurisdiction over these claims and supplemental jurisdiction over the other state law claims brought, which share a common nucleus of operative fact. Moreover, diversity jurisdiction exists because Mr. Robinson was a resident of Massachusetts and Universitas is located in New York.

## STATEMENT OF FACTS

The facts relevant to this case have largely been laid out in Universitas's Motion for Default (Doc. No. 176) and Motion for Default Judgment (Doc. No. 181). Thus, Universitas shall limit its recitation of facts to those necessary in determining the merits of the Motion to Dismiss.

Universitas filed its Complaint against Defendant Jack E. Robinson III on May 14, 2015. (Doc. No. 1). Mr. Robinson filed numerous motions to dismiss or otherwise transfer this case, all of which were denied. This Court permitted Universitas to proceed on its RICO claims, as well as certain state law claims pursuant to New York law. (Doc. Nos. 46 and 93). On November 28, 2017, Mr. Robinson's counsel filed a suggestion of death. (Doc. No. 131). However, this suggestion of death did not identify any potential successors, and the record does not reflect that it was served

pursuant to Rules 4 and 5 of the Federal Rules of Civil Procedure on Ms. Granderson (as she admits in her Motion to Dismiss) or any other potential successors.

As a result of Mr. Robinson's death, Universitas sought to substitute a proper party pursuant to Rule 25(a). However, because there was no party identified and there did not appear to be an estate, Universitas was unable to find a proper party to substitute despite multiple extensions of time (Doc. Nos. 137, 140, and 142) and diligent efforts to do so. Thus, on February 5, 2019, this Court held a status conference to discuss alternatives to the outstanding issue of Mr. Robinson's personal representation. The Court ordered Universitas to search for proper administrators or parties in interest and notify those parties of the pending litigation. (Doc. Nos. 156 and 159). Universitas did so. This Court then permitted Universitas extra time to complete discovery on April 12, 2019 and to file a Motion for Summary Judgment against Mr. Robinson's estate. (Doc. Nos. 162 and 163). Universitas informed this Court that it had located Ms. Granderson, but that she was not inclined to take action as the executrix of the estate or serve as its representative. (Doc. No. 163 at 6). Thus, the Court permitted Joseph L. Manson III, counsel for Universitas, to proceed in the case without local counsel and permitted Universitas to file its motion for summary judgment. Universitas timely filed its Motion for Summary Judgment, and as described in its Motion for Entry of Default (Doc. No. 176), informed Ms. Granderson's counsel of that Motion for Summary Judgment, and offered to provide a copy of the summary judgment motion. Ms. Granderson requested that no such copy be provided. (Doc. No. 176, Ex. E).

For over a year and a half, Ms. Granderson refused to appear before the Court, opting only to send this Court a copy of her motion to dismiss (Doc. No. 175) that she filed in the Middle District of Florida, which was summarily denied. In addition, she openly flaunted the federal court in the Middle District of Florida, which compelled her to provide discovery, which she refused to

do until the court threatened her with contempt sanctions for her multiple refusals to comply with the Middle District's orders and the meritless motions she filed. (Doc. No. 176, Ex. G, pg. 3).

Universitas filed its Motion for Entry of Default (Doc. No. 176) on January 26, 2021, as Ms. Granderson had not made any attempt to enter to case or defend the interests of Mr. Robinson's estate. This Court entered a Default (Doc. No. 177), and on March 1, 2021, Universitas filed its Motion for Default Judgment against the estate of Mr. Robinson. (Doc. No. 181). On March 4, 2021, Ms. Granderson, through Counsel filed her Motion to Dismiss. (Doc. No. 185).

ARGUMENT

Universitas opposes Ms. Granderson's erroneous argument that the above-captioned proceeding should be dismissed for lack of diversity jurisdiction. Moreover, Ms. Granderson has waived any right to intervene in this matter by waiting nearly two years since Universitas first requested that she formally intervene.

I. **Legal Standard**

a. Permissive Intervention

Generally, under Rule 24(b) of the Federal Rules of Civil Procedure, a court may, "in its discretion, allow the intervention of any party who 'has a claim or defense that shares with the main action a common questions of law or fact.'" *T Mobile Northeast LLC v. Town of Barnstable*, 969 F.3d 33, 40 (1st Cir. 2020) (quoting Fed. R. Civ. P. 24(b)(1)(B)). In determining whether to grant a motion for permissive intervention, a court "enjoys very broad discretion in granting or denying [the] motion." *Id.* at 40-41 (internal citation omitted). The court "must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights" and may consider any factor rationally relevant to the intervention, including whether the applicant would be helpful in fully developing the case. *Id.* at 41; Fed. R. Civ. P. 24(b)(3).

b.  Subject Matter Jurisdiction

In order for a federal district Court to hear a case, it must have, among other things, subject matter jurisdiction over the case. Federal district courts may have subject matter jurisdiction over a case either through federal question jurisdiction, which grants federal courts jurisdiction over civil actions arising under federal laws, or diversity jurisdiction, which grants jurisdiction over certain actions in which parties are citizens of different states and the amount in controversy exceeds $75,000. *New Eng. Patriots Fans v. NFL*, No. 16-10659-FDS, 2016 U.S. Dist. LEXIS 75847, at *6 (D. Mass. June 10, 2016).

Where a party seeks to invoke diversity jurisdiction under 28 U.S.C. § 1332 (2020), the parties must be completely diverse and the amount in controversy must exceed $75,000. *Id.*; *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). For purposes of diversity jurisdiction, the legal representative of the estate of a decedent "shall be deemed to be a citizen only of the same State as the decedent." 28 U.S.C. § 1332(c)(2); *see also Arias-Rosado v. Tirado*, 111 F. Supp. 2d 96, 98 (D.P.R. 2000).

A party can also invoke federal question jurisdiction if the claims brought by that party arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331 (2020). Generally, a district court can only hear a case under federal question jurisdiction if the federal claim appears "within the four corners of the complaint." *New Eng. Patriots Fans*, 2016 U.S. Dist. LEXIS 75847 at *7 (citing *BIW Deceived v. Local S6, Industrial Union of Marine & Shipbuilding Workers of Am.*, 132 F.3d 824, 831 (1st Cir. 1997)). A federal court with original jurisdiction based on federal question jurisdiction may exercise supplemental jurisdiction over all causes of action that "derive from a common nucleus of operative fact." *Pacheco v. St. Luke's Emergency Assocs., P.C.*, 879 F. Supp. 2d 136, 143 (D. Mass. 2012) (quoting *R.I. Fisherman's Alliance, Inc. v. R.I.*

*Dep't of Envtl. Mgmt.*, 585 F.3d 42, 48 (1st Cir. 2009)). If there exists a basis for original jurisdiction, "the default assumption is that the court will exercise supplemental jurisdiction over all related claims." *Pacheco*, 879 F. Supp. 2d at 143 (quoting *Fox v. Lovas*, No. 5:10-cv-219, 2011 U.S. Dist. LEXIS 30480, at *2 (W.D. Ky. Mar 23, 2011)).

   c. <u>Substitution of Parties</u>

Pursuant to Rule 25 of the Federal Rules of Civil Procedure, a court may order the substitution of a proper party if a party to a case dies and the claims in the case are not extinguished. *E.g. Americus Mortg. Corp. v. Mark*, No. 12-10158-GAO, 2013 U.S. Dist. LEXIS 84658, at *10-11 (D. Mass. June 17, 2013). The language of Rule 25(a) is permissive and the decision to substitute parties lies within the sound discretion of the Court. *Boniface v. Viliena*, 338 F. Supp. 3d 50, 71 (D. Mass. 2018). A claim survives the death of the party and is therefore not extinguished if the claim is remedial, rather than punitive. *E.g. Saleh v. Merchant*, No. 14-cv-09186, 2017 U.S. Dist. LEXIS 62873, at *15-16 (N.D. Ill. Apr. 25, 2017). RICO claims are remedial and therefore do not abate when the defendant dies. *Id.*; *Holford USA v. Harvey*, 169 F.R.D. 41, 43 (S.D.N.Y. 1996); *see also Shearson/American Express, Inc. v. McMahon*, 482 U.S. 220, 240-41 (1987) (holding that the focus of the civil action for treble damages under RICO is remedial and can be arbitrated). Generally, a motion to substitute must be filed within ninety (90) days after the service of a statement noting the death, or the action must be dismissed. Fed. R. Civ. P. 25(a)(1).

This Court, as well as a majority of the circuits, have held that proper service of a statement noting the death of a party pursuant to Rule 25(a)(3) must be completed under Rule 4 and 5 of the Federal Rules of Civil Procedure. *Boniface v. Viliena*, 338 F. Supp. 3d 50, 71 (D. Mass. 2018); *Mark*, 2013 U.S. LEXIS 84658 at *10-11; *Butler v. Anderson (In re. C.R. Stone Concrete Constrs, Inc.*, 462 B.R. 6, 18-19 (Bankr. D. Mass. 2011). Thus, this Court has found that the ninety (90)

day time period does not begin to run until the decedent's representative or successor is properly served with the statement noting the death, thereby identifying the substitutable party. *Mark*, 2013 U.S. LEXIS 84658 at *11; *but see Unicorn Tales, Inc. v. Banerjee*, 138 F.3d 467, 470 (2d Cir. 1998). This is because it may take time to identify and notify the rightful successor or an appropriate representative. *Boniface*, 338 F. Supp. 3d at 71. This Court has also previously held that a suggestion of death must actually identify the representative or successor who may be substituted. *Mark*, 2013 U.S. LEXIS 84658 at *12-13. Generally, a decedent's successor in litigation may include, in addition to the trustee of the estate: "(1) the primary beneficiary of a distributed estate; (2) a person named in a will as the executor of the decedent's estate, even if the will is not probated; or (3) the primary beneficiary of an un-probated intestate estate." *Butler*, 462 B.R. at 18-19 (internal citations omitted).

**II.** **Analysis**

a. Ms. Granderson's Motion for Permissive Intervention Should be Denied because Her Intervention would cause Undue Delay and her Presence is Unnecessary to Fully Develop the Case.

Ms. Granderson seeks to permissively intervene in the above-captioned matter, but offers no rationale as to why she is entitled to do so. This Court should deny her motion to permissively intervene because she does not provide this Court with any relevant information in developing or determining the case, and her intervention would lead to significant and unnecessary delay.

First, Ms. Granderson seeks to intervene in order to bring a motion to dismiss the case for lack of subject matter jurisdiction. As described, *infra*, this argument is completely meritless as this Court has jurisdiction over the above-captioned action. Thus, her presence as a party contributes nothing of substance to this case, and her motion to intervene should be denied.

Second, if Ms. Granderson is permitted to intervene, her intervention would cause undue delay, which would prejudice Universitas. She has been aware of this case for two years and has chosen to do nothing, other than mail certain filings from Florida to this Court. Currently, this matter is close to being concluded on a default judgment, with ample evidence of Mr. Robinson's liability on the record, after a multiple-year delay caused by Mr. Robinson's death and Ms. Granderson's choice to not appear in this proceeding. Her intervention in this case would cause a significant delay by forcing unnecessary re-litigation of the default, the default judgment, and this Court's jurisdiction. This delay would also force Universitas to incur significant new attorneys' fees and costs, just as it did dealing with Ms. Granderson's meritless filings in Florida, which is highly prejudicial to Universitas, and a compelling reason not to permit intervention. *T Mobile Northeast*, 969 F.3d at 40-41. Thus, this Court should deny Ms. Granderson's motion to intervene.

    b. <u>Even if Ms. Granderson is Permitted to Intervene, her Motion to Dismiss Should be Denied because this Court has Subject Matter Jurisdiction over this Case.</u>

Ms. Granderson seems to suggest that the Entry of Default should be set aside because this Court lacks subject matter jurisdiction over this case. She fails, however, to provide any good cause to set aside the Entry of Default as required by Rule 55(c) of the Federal Rule of Civil Procedure as this Court does have jurisdiction over the case. Claims brought under the RICO Act are claims brought pursuant to federal law. This Court has denied numerous attempts by Mr. Robinson to dismiss the claims against him and allowed Universitas to proceed on its RICO claims pursuant to 18 U.S.C. §§ 1962-1964. As such, this Court has jurisdiction over this case under the federal question jurisdiction statute, 28 U.S.C. § 1331, because the claims arise under the "laws" of the United States. Similarly, the Court declined to dismiss the remaining state law claims and this Court can properly exercise supplemental jurisdiction over those claims. Thus, this case should not be dismissed for lack of subject matter jurisdiction.

Moreover, even if this Court only possessed diversity jurisdiction over Universitas's claims, diversity jurisdiction still exists in this case. As described, *supra*, a RICO claim is not extinguished upon the death of the defendant. *See Holford USA v. Harvey*, 169 F.R.D. 41, 43 (S.D.N.Y. 1996). In addition, causes of action for injury to property and fraud are not extinguished upon a defendant's death pursuant to New York law. *See, e.g. Snyder v. Schneider*, 276 N.Y.S. 445 (N.Y. Sup. Ct. 1935) (finding that cause of action for fraud in a marriage survived the death of the plaintiff); NY CPLR § 1015 (stating that substitution of parties may be made if a claim is not extinguished). Thus, the claims in the present case survive and can be prosecuted by Universitas despite Mr. Robinson's death. If a proper party is substituted as a representative of the decedent, that party's citizenship is the same as that decedent's. 28 U.S.C. § 1332(c)(2); *see also Arias-Rosado*, 111 F. Supp. 2d at 98. Thus, Mr. Robinson's death does not extinguish this Court's diversity jurisdiction, and provided that an appropriate representative, such as Ms. Granderson, is substituted in for Mr. Robinson, this Court retains diversity jurisdiction over this matter as that representative's citizenship would be considered the same as Mr. Robinson's.

As such, Ms. Granderson's Motion to Dismiss for lack of subject matter jurisdiction should be denied as this Court has both federal question jurisdiction and diversity jurisdiction in this case.[1]

c. <u>This Case Should Not be Dismissed Pursuant to Rule 19 or 25.</u>

Ms. Granderson argues that this case should be dismissed for failure to join an indispensable party under Rule 19 of the Federal Rules of Civil Procedure. This argument is meritless as Mr. Robinson was an indispensable party to the suit and then died. Thus, Rule 25 of the Federal Rules of Civil Procedure applies to this proceeding, not Rule 19.

---

[1] Ms. Granderson's argument regarding the dismissal of this case for lack of diversity jurisdiction, which is signed by two separate counsel, is completely frivolous, especially in light of the fact that this Court clearly has federal question jurisdiction over the RICO claim and supplemental jurisdiction over the state law claims.

While it is beyond the scope of this instant motion, Universitas will briefly address the substitution issue. As Ms. Granderson acknowledges, Universitas made many attempts to extend the time to file a motion to substitute an appropriate party, but it was unable to find such a party. (Doc. Nos. 137, 140, and 142). After it failed to find an appropriate party for substitution, this Court ordered that Universitas simply inform parties potentially interested in Robinson's estate of the case, and permitted Universitas to file a motion for summary judgment. Thus, at that time, this Court seemingly decided not to order the substitution of a party pursuant to Rule 25(a)(1), which is well within its discretion. *Viliena*, 338 F. Supp. 3d at 71.

Universitas did eventually locate Ms. Granderson in March of 2019 and informed her of the above-captioned case, but she made it clear that she wanted nothing to do with the instant proceeding, and claimed, falsely that she could not be a representative of the estate, when in fact she was the named executor of the estate. (Doc. No. 176, Ex. B, pg. 2). As there was no other representative, this Court permitted Universitas to continue the case and file a Motion for Summary Judgment against Robinson in September of 2019. Thus, Ms. Granderson waived any right to appear as a substitute party. As such, there is no basis to dismiss this case based on Rule 19 or Rule 25 of the Federal Rules of Civil Procedure.

However, if this Court believes that Rule 25 must be satisfied and Ms. Granderson should be substituted for Mr. Robinson, Universitas stands ready to ensure compliance with Rule 25 and proceed with the case. Ms. Granderson has now appeared before this Court, and she is an appropriate representative of the estate, as she was named the executrix in Mr. Robinson's Last Will and Testament and is the recipient of all the assets of the un-probated estate that Universitas

has located,[2] namely, about half of the insurance proceeds paid to Shadow Ridge Properties for Mr. Robinson's ownership interest. *Butler*, 462 B.R. at 18-19.[3]

Ms. Granderson also acknowledges that she was never served with a notice of the suggestion of death or any motion to substitute pursuant to Rule 4 or 5. Thus, the ninety (90) day period for a motion to substitute never triggered, especially considering the suggestion of death (Doc. No. 131) never identified a potential successor to Mr. Robinson. As such, if this Court finds that substitution under Rule 25(a) is the necessary and appropriate way to move forward, Universitas shall immediately effectuate proper service of a suggestion of death and motion for substitution.

## CONCLUSION

For all the aforementioned reasons, this Court should deny Lillian Granderson's Motion to Intervene to Set Aside the Default and Dismiss for Lack of Subject Matter Jurisdiction.

---

[2] As described in Universitas's Motion for Entry of Default, Maxine Novak, the co-owner of Shadow Ridge Properties, explained that the insurance policies were paid out to Shadow Ridge Properties and that she then wrote checks to Ms. Granderson totaling over $918,000 for Mr. Robinson's interest in Shadow Ridge Properties, which was part of the estate. (Doc. No. 176, ¶ 11, Ex. C, Ex. D).

[3] Ms. Robinson's claim that the insurance benefits were outside the estate is wrong and self-serving. While Florida law generally does not consider life insurance policy proceeds to be a part of the estate of a decedent upon whose life the policy was taken, Florida law specifically states that notwithstanding the general rule, " whenever the insurance, by designation or otherwise, is payable to the insured or the insured's estate or to his or her executors, administrators, or assigns, the insurance proceeds shall become part of the insured's estate for all purposes and shall be administered by the personal representative of the estate." Fla. Stat. § 222.13 (2020). This is precisely the case at bar, and the proceeds should have been probated because they became a part of the estate after they were distributed to Shadow Ridge Properties, the beneficiary of the Mr. Robinson's policies. Instead, Ms. Granderson simply took a check for those proceeds and then claimed that the estate was insolvent and should not be probated.

Dated: March 18, 2021

                                                  Respectfully submitted,

                                                  */s/ Joseph L. Manson III*_____
                                                  Admitted *Pro Hac Vice*
                                                  Law Offices of Joseph L. Manson III
                                                  600 Cameron Street
                                                  Alexandria, VA 22314
                                                  Telephone: 202-674-1450
                                                  jmanson@jmansonlaw.com

                                                  *Counsel for Universitas Education, LLC*

**CERTIFICATE OF SERVICE**

I, Joseph L. Manson III, hereby certify that a true and accurate copy of the foregoing Opposition to Lillian Granderson's Motion to Intervene and Set Aside Default for Lack of Subject Matter Jurisdiction was filed through the ECF system on March 18, 2021, and that it was transmitted to the following ECF attorneys of record:

Lana Sullivan

Jeraldine Williams-Shaw

                 */s/ Joseph L. Manson III*