# Law Office of Jeraldine Williams

P.O. Box 3322　　　　　　　　　　　　　　Phone and Fax: 813-704-4969
Plant City, FL 33563　　　　　　　　　　　email: jere.williamsshaw.law@gmail.com

---

June 28, 2022

Caetlin McManus
Docket Clerk, United States District Court
District of Massachusetts
John Joseph Moakley U.S. Courthouse
1 Courthouse Way, Suite 2300
Boston, MA 02210

Re: Default Judgment in Universitas Education, LLC v. Robinson, No. 1:15-cv-11848-DPW (2015)

Dear Ms. McManus:

Lillian B. Granderson (Granderson), a Non-Party to the above-referenced action, and mother of deceased Defendant Jack E. Robinson III (Robinson), files this, her response to Plaintiff Universitas' (Plaintiff) Letter/Request (non-motion) of June 1, 2022, Docket Entry 189.

At the outset, Granderson reasserts that this cause lacks diversity, pursuant to Fed.R.Civ.P.25(A)(1); therefore, this Court lacks Subject Jurisdiction in this action. Since Robinson's death on November 19, 2017, there has been no Defendant or substitute. With one only party to the action, there can be no diversity between the parties, a prerequisite to Subject Matter Jurisdiction. Neither Plaintiff nor this Court asserts Subject Matter Jurisdiction since the death of Robinson, an Indispensible Party Defendant.

On November 26, 2017, at Docket Entry 131, Seth Marcus, attorney for Robinson, entered a Suggestion of Death Upon the Record as to Defendant Jack Robinson.

Consequently, on December 29, 2017, the Court Denied four motions at Docket Entries 113, 120, 123 and 128, without prejudice, "subject to being renewed after the stay entered herein upon the suggestion of death of the defendant is lifted." The record does not show where the Court has lifted that stay.

Just after the beginning of the year following Defendant's death, Plaintiff entered into an on-and-off again series of non-productive delays relative to Rule 25 substitution.

> On February 21, 2018, at Docket Entry No. 137, Plaintiff filed its first Motion for Extension of Time until March 28, 2018, to "*File Substitution P[u]rsuant to Fed.R.Civ.P.25(A)(1).*" Granted.
>
> On March 23, 2018, at Docket Entry No. 140, Plaintiff filed its second Motion for Extension of Time until May 28, 2018, to "*File Substitution Pursuant to Fed.R.Civ.P.25(A)(1).*" Granted.
>
> On May 22, 2018, at Docket Entry No. 142, Plaintiff filed its third Motion for Extension of Time until July 31, 2018, to "*File Substitution Pursuant to Fed.R.Civ.P.25(A)(1).*" Granted.
>
> On July 23, 2018, at Docket Entry No. 147, Plaintiff filed its fourth Motion for Extension of Time. After five (5) months of stalling, Plaintiff asks for "an additional 90 days to afford the time in probate court." Granted.

After three calendar quarters of continuances, Plaintiff failed to "*File Substitution Pursuant to Fed.R.Civ.P.25(A)(1).* This Court continued without Subject Matter Jurisdiction.

In response, the Court set a status conference for 90 days later, on October 23, 2018. However, another series of continuances were on the horizon.

Five days prior to that Court-scheduled Status Conference,

1. On October 19, 2018, Plaintiff filed a Status Report.
   The Court rescheduled the Status Conference until November 19, 2018;
2. On November 15, 2018, Plaintiff filed a Status Report.
   The Court rescheduled the Status Conference until December 20, 2018;
3. On December 18, 2018, Plaintiff filed a Status Report.
   The Court rescheduled the Status Conference until February 5, 2019

Again, Plaintiff failed to "*File Substitution Pursuant to Fed.R.Civ.P.25(A)(1).*" This Court continued without Subject Matter Jurisdiction.

Even though at the February 5, 2019 Status Conference, the Court "reviews the report filed by Plaintiff's counsel and discusses alternatives to addressing the outstanding personal representative issue." Docket Entry 156, the issue has remained unresolved.

At the February 5, 2019 hearing, Plaintiff asked "(t)hat the Court continue to extend the deadline on a Rule 25 for substitution." Granted. p. 5, Lines 22-25

Notwithstanding an open-ended extension of the deadline, Plaintiff has failed to "*File Substitution Pursuant to Fed.R.Civ.P.25(A)(1).*"

Given Plaintiff's inept ability to perform in this regard, the Court, which may raise the issue of Subject Matter Jurisdiction, *sua sponte*, pursuant to 28 U.S.C. §1332(a), refused to do so.

Granderson's further review of the record shows that affirmation of this Court's acknowledgement of the continual absence of the Indispensable Party Defendant is that it has not lifted the stay, entered at Docket Number 135 on December 20, 2017, pending appointment of personal representative for the estate of Robinson.

Given the observable inaction by either Plaintiff or the Court to substitute, pursuant to Rule 25, Granderson sought to Intervene for Limited Purpose of Moving to Set Aside "Default" and to Dismiss for Lack of Subject Matter Jurisdiction. Docket Number 185 on March 4, 2021.

Over one year later, the Court has not acted on her motion. Consequently, this cause of action continues without a Defendant, a substitute, diversity, or Subject Matter Jurisdiction by the Court.

Additionally, in her continued review of the emailed Letter/Request to Clerk, Granderson alleges that Plaintiff liberally makes unfounded allegations, contradictions to its own statements, and significant deviations from the truth.

**Undocumented Assertions: Robinson Stole Funds**
In its Letter/Request to Docket Clerk Caetlin McManus (Clerk), Plaintiff recounted its initial Complaint against Defendant Robinson seven (7) years ago, on May 14, 2015. Therein, Plaintiff sought damages for Defendant's "role in a criminal conspiracy to steal insurance proceeds from Plaintiff, and Robinson's receipt of a portion of those proceeds." Docket Entry189, June 16, 2022.

At this point, Plaintiff's assertions of Defendant's guilt are unverified; he presents no evidence of support. Granderson cites Plaintiff's own admission that contradicts its current pronouncement of Robinson's guilt.

In its opposition to Granderson's Motion to Dismiss, Plaintiff admitted that it has not found proof that Robinson received any proceeds from those (insurance) policies. Motion and Memorandum in Support of Non-Party. March 4, 2021, at p. 13.

**Undocumented Assertions: Granderson Stole Funds and Assets Derivative Thereof**
Further, Granderson is highly offended by Plaintiff's unproven assertion in its emailed Letter/Request that Granderson has been causing funds stolen from Plaintiff (presumptively by her now deceased son) and assets derivative of those funds to disappear, or be wasted. However, not only has Plaintiff not found and or presented proof of Robinson's guilt of insurance theft, Plaintiff has not identified a single instance in which Granderson pursued or received any assets derivative of funds, which Plaintiff alleges without proof, were stolen by Robinson.

In that email, Plaintiff restates its version of transactions of a Status Conference, held on February 5, 2019 before this Court: Court's authorization for Plaintiff to engage in discovery to find: 1) representatives for the deceased Defendant Robinson's estates, and 2) assets held by Robinson's estate that could be used to satisfy a judgment. Docket Entry 156; Transcript of Status Hearing. February 5, 2019, p. 7.

Subsequently, Plaintiff informs Clerk, to whom its Letter/Request is addressed, "The Court then allowed Plaintiff to file a Motion for Summary Judgment against Robinson." Id. at p. 5, Lines 1-2, 12-13, 17, P. 6, Lines 23-25, P. 7, Lines 1-2.

In the Letter/Request, Plaintiff alleges and the record reflects that, pursuant to the Court's deadline, (Status Hearing, February 5, 2019, P. 7, Line 2) Plaintiff filed the Motion for Summary Judgment. It was unopposed. Docket Entry 170, September 3, 2019. Further, in that Letter/Request, Plaintiff revealed that at the February 5 hearing, the Court prescribed a "default process" that incorporates a series of events that would "eventually lead to a final judgment against Robinson's estate." Id. at P. 3, Lines 11-16, 21-25, p. 5, Lines17-21.

Paramount to all facts before the Bench is this Court's awareness that it lacks Subject Matter Jurisdiction in this structurally incomplete cause of action, where there is no Indispensable Party Defendant, no substitute (pursuant to Rule 28 U.S.C. 1332), and no *sua sponte* action by the Court.

The Court admitted: "[A]bsence of a personal representative, there's nobody here to respond to…a motion for summary judgment." Id. at p. 5, Lines 1-3. "There really isn't anybody to substitute now. If nobody comes forward to try to administer the estate in some fashion, there's nothing we could do…" Id. at p. 6, Lines 1-4.

Court-imposed stay related thereto, was continued until June 5, 2019. Id. at p. 7, Line 4. The record does not reflect a lifting of the stay.

**Granderson's Opposition to Plaintiff's Motion for Default Judgment**

Plaintiff emailed its Letter/Request to Clerk, noting that it submitted a Proposed Order on its Motion for Default Judgment. The Court has not signed the Judgment. Plaintiff asserts its availability for a status conference.

Granderson opposes the Court's entry of a Default Judgment.

As grounds therefor, she cites the colloquy during the Status Hearing, February 5, 2019, during which the Court addressed the efficacy of Plaintiff's having a judgment "and go about the process of trying to execute on that judgment in some way." Id. at p. 4, Lines 23-25.

Granderson maintains that the Court's observation at that time is relevant at this time, "Now, that impediment, of course, is in the absence of a personal representative, there's nobody here to respond to… a motion for summary judgment." Id. at p. 5, Lines 1-3.

Granderson informs the Court that, also at this time, there is no: estate, Personal Representative, and no agent for the deceased Decedent. Therefore, there remains nobody, with standing, to respond to Plaintiff's Motion for Default Judgment.

Granderson asks this Court to revisit its assessment of intersecting issues related to dismissing this case ("I kind of struggled with a motion to dismiss before." Id. at p. 5, Lines 14-15). And, Granderson asks the Court to restate its previous conclusion, "If nobody comes forward to try to administer the estate in some fashion, there's nothing we could do…" Id. at p. 6, Lines 3-4.

Therefore, Granderson asks this Court to deny Plaintiff's Motion for a Proposed Order for Default Judgment.

Respectfully submitted,

*Jeraldine Williams*

Florida Bar No. 343315
Law Office of Jeraldine Williams
P.O. Box 3322         Plant City, FL 33563-0006     813-704-4969
jere.williamsshaw.law@gmail.com

Counsel for Non-Party Lillian B. Granderson