UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSSETTS

| | |
|---|---|
| UNIVERSITAS EDUCATION, LLC<br><br>Plaintiff,<br><br>v.<br><br>LILLIAN GRANDERSON as successor in interest to JACK E. ROBINSON,<br><br>Defendant. | Civil Action No.<br>1:15-CV-11848 (DPW) |

## OPPOSITION TO DANIEL CARPENTER'S MOTIONS TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND TO STRIKE

Universitas Education, LLC ("Universitas"), through counsel, hereby files this Opposition to two separate motions filed by non-party Daniel Carpenter. On September 5, 2024, Daniel Carpenter, who has not moved to intervene and has not been made a party to this case, filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(h)(3) (Doc. Nos. 238, 239.) On September 11, 2024, Mr. Carpenter filed a Motion to Strike Universitas's Motion for Summary Judgment. (Doc. Nos. 245, 246.) Both of these Motions were filed seeking relief on behalf of Defendant Lillian Granderson, as successor in interest to Jack E. Robinson III. In support of its Opposition, Universitas states as follows:

1.  Plaintiff Universitas Education, LLC brought this action against Mr. Robinson on May 14, 2015 seeking in excess of $90 million in damages for Mr. Robinson's participation in a criminal plan to defraud Universitas and steal $30 million in life insurance benefits to which Universitas was the sole, irrevocable beneficiary. (Doc. No. 1.)

1

2. In November of 2017, as the above-captioned case was pending, Robinson passed away. His counsel, Seth Marcus, Esq., filed a Notice of Suggestion of Death with this Court. (Doc. No. 131.)

3. This Court then substituted Lillian Granderson as Mr. Robinson's successor in interest. Since Ms. Granderson's substitution, the Parties and their counsel have worked cooperatively to bring this matter to a close. Ms. Granderson is represented by competent counsel, who has filed for relief on her behalf, including Motions for Summary Judgment and to Dismiss on September 9, 2024 and September 6, 2024 respectively.

4. As this Court has been made aware through the pleadings and the course of this litigation, Mr. Carpenter is a shamelessly abusive and vexatious litigant, who will stop at nothing to improperly impede Universitas's collection efforts against him.

5. To that end, Mr. Carpenter filed a Motion to Dismiss on September 5, 2024 and a Motion to Strike Universitas's Motion for Summary Judgment on September 11, 2024.

6. Setting aside the frivolous substance of the Motions filed by Mr. Carpenter, Mr. Carpenter's Motions are fatally flawed as a procedural matter and should be denied.

7. First, Mr. Carpenter is not a party to this litigation. He has not intervened in this case and thus lacks standing to make his Motions. *See Ceva Animal Health, LLC v. Mustang Fliers, Inc.*, No. 24-cv-2130-EFM, 2024 U.S. Dist. LEXIS 122877, at *4 (D. Kan. July 12, 2024) ("[I]t is procedurally improper for non-parties to file motions if they have not successfully intervened.") (citing *CitiBank Int'l v. Collier-Traino, Inc.*, 809 F.2d 1438, 1440 (9th Cir. 1987)); *1199 SEIU United Healthcare Workers East v. PSC Cmty. Servs.*, 597 F. Supp. 3d 557, 566 (S.D.N.Y. 2022) (noting that the right of a non-party to see relief is predicated on successful intervention in a case) (citing *E.E.O.C. v. E. Airlines, Inc.*, 736 F.2d 635, 637 (11th Cir. 1984)).

8.  Second, Mr. Carpenter failed to meet and confer with the other parties in this case prior to filing his Motions, and none of his Motions contain a certification of conferral. This alone is grounds for denial pursuant to District of Massachusetts Local Rule 7.1(a)(2). Mr. Carpenter's Motion to Dismiss also far exceeds the page limitation provided in Local Rule 7.1(b)(4), which is further grounds for denial.

9.  Third, even if Mr. Carpenter had standing to file these Motions and they were procedurally proper under the Local Rules, which is not the case, they would still be frivolous. Under 28 U.S.C. § 1654 (2018), "parties may plead and conduct their own cases personally or by counsel." This statute "authorizes only two types of representation: that by an attorney admitted to the practice of law by a governmental regulatory body and that by a person representing himself." *Berrios v. N.Y.C. Housing Auth.*, 564 F.3d 130, 132 (2d Cir. 2009) (quotations omitted). Thus, Mr. Carpenter, who is not a licensed attorney and who is not retained to represent Ms. Granderson, cannot assert claims or file motions on behalf of anyone other than himself. A party only has standing to assert the rights of another if it makes two specific showings: "(1) that the party asserting the right has a close relationship with the person who possesses the right and (2) that there is a hindrance to the possessor's ability to protect [his or her] own interests." *A.H. v. French*, 555 F. Supp. 3d 21, 36 (D. Vt. 2021) (quoting *Kowalski v. Tesmer*, 543 U.S. 125, 129-30 (2004)). Mr. Carpenter has made neither showing and thus does not meet any of the narrow exceptions to 28 U.S.C. § 1654.

10. In fact. Mr. Carpenter is aware that his actions are frivolous, vexatious, and sanctionable. Mr. Carpenter as a non-party attempted to file motions on behalf of other parties in the case captioned Universitas Education, LLC v. Benistar et al, 3:20-cv-00738-KAD (D. Conn. 2023). After doing so, Mr. Carpenter was admonished by the District of Connecticut and was

explicitly informed that "any future efforts by Mr. Carpenter to assert the rights of others . . . shall be met with sanctions." (*See* Ex. 1, pg. 52, Docket Entry 370.)

11. In light of the District of Connecticut's previous admonition and the frivolous nature of Mr. Carpenter's filings, Universitas intends to seek sanctions against Mr. Carpenter for filing those Motions.

12. For all these reasons, Mr. Carpenter lacks standing to file his Motions and they are procedurally improper under the Local Rules. As such, they should be summarily denied.

Dated: September 19, 2024

Respectfully submitted,

*/s/ Joseph L. Manson III*_____
Admitted *Pro Hac Vice*
Law Offices of Joseph L. Manson III
600 Cameron Street
Alexandria, VA 22314
Telephone: 202-674-1450
jmanson@jmansonlaw.com

*Counsel for Universitas Education, LLC*

**CERTIFICATE OF SERVICE**

I, Joseph L. Manson III, hereby certify that a true and accurate copy of the foregoing Motion was filed through the ECF system on September 19, 2024 to all ECF registrants on record.

*/s/ Joseph L. Manson III*