UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

UNIVERSITAS EDUCATION, LLC,

        Plaintiff,

v.

JACK E. ROBINSON, III A/K/A JACK E. ROBINSON, ET AL,

        Defendants.

Civil Action No.
No. 1:15-CV-11848 (DPW)

---

### DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

The Defendant, Lilian Granderson ("Ms. Granderson"), as substitute for Jack E. Robinson, III ("Mr. Robinson"), respectfully submits this Reply Memorandum of Law in further support of her Motion to Dismiss the Plaintiff's, Universitas Education, LLC ("Universitas") Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted and 12(b)(1) for lack of subject-matter jurisdiction and in response to Plaintiff's Opposition to her Motion to Dismiss.

Plaintiff's opposition does not address any of the substantive arguments contained in Defendant's Motion to Dismiss. Rather, it refuses to address the issue of diversity and simply claims the Court previously ruled that the RICO claim is not barred by the statute of limitations. However, the Court specifically stated it is not "foreclosing" a later challenge to Mr. Robinson's argument that the RICO claim falls outside the statute of limitations. Now, there is a new Defendant, Ms. Granderson, who has set forth additional information, including allegations contained in the Complaint that were not previously considered by the Court, in support of her arguments that Plaintiff's RICO claim is untimely. Further, "[t]he 'law of the case' doctrine is discretionary." *Integrity Soc. Work Servs., LCSW, LLC v. Azar*, 2021 WL 4502620, at *9

(E.D.N.Y. Oct. 1, 2021), *aff'd sub nom. Integrity Soc. Work Servs., LCSW, LLC v. Becerra*, 2022 WL 1930866 (2d Cir. June 6, 2022).

Here, the Court should exercise its decision to consider Ms. Granderson's motion to dismiss with fresh eyes. As detailed in Ms. Granderson's forward memorandum of law, the principle that a court is required to accept as true "factual" allegations in the complaint does not apply to general allegations that are contradicted "by more specific allegations in the Complaint." *DWPN Holdings (USA) Inc. v. United Air Lines, Inc.*, 747 F.3d 145, 151-152 (2d Cir. 2014). The "general" allegation here that Plaintiff did not discover the RICO violation until November 2012 is contradicted by a number of specific, and detailed, factual allegations in the Complaint as laid out in Defendant's forward memorandum of law. As such, the Court need not accept as true that Plaintiff did not know of the RICO violation until November 2012.

Instead of opposing Ms. Granderson's Motion to Dismiss by pointing to specific allegations, or any allegations for that matter, establishing Plaintiff was not aware of the RICO violation until November 2012, Plaintiff's fail to address the substantive issues raised in Ms. Granderson's Motion to Dismiss and supporting Memorandum of Law. As such, the Court should consider the issue and determine that Plaintiff filed the RICO claim in this case *after* the statute of limitations had lapsed.

With respect to the question of diversity jurisdiction, Ms. Granderson has raised a factual challenge to diversity jurisdiction. As such, "[P]laintiff's jurisdiction averments are entitled to no presumptive weight." *Dy v. Blinken*, 703 F. Supp. 3d 314, 316 (D. Mass. 2023). The Court is charged with considering the allegations by both parties and resolving the factual disputes. *Id*. at 317. However, the Plaintiff's have not set forth any information to assist the Court in resolving the factual dispute. As a result, the Court should infer from Plaintiff's failure to counter Ms.

Granderson's allegations regarding the lack of diversity that Ms. Granderson is correct that the Court lacks diversity jurisdiction in this case.

 The Plaintiff's opposition falls far short of what is necessary to oppose Ms. Granderson's Motion to Dismiss. As such, and for the reasons set forth in Ms. Granderson's Motion to Dismiss and Supporting Memorandum of Law, the Plaintiff's Complaint must be dismissed.

Respectfully submitted this 27th day of September, 2024.

                DEFENDANT, LILLIAN GRANDERSON

                /s/ ___*Jennifer Pedevillano*____

                Jennifer A. Pedevillano
                Halloran & Sage, LLP
                225 Asylum Street
                Hartford, CT 06103
                475-655-3400
                Email: pedevillano@halloransage.com

                Oscar L. Suarez
                Halloran & Sage, LLP
                One Goodwin Square
                225 Asylum Street
                Hartford, CT 06103
                860-522-6103
                Email: suarez@halloransage.com

## CERTIFICATE OF SERVICE

I, Jennifer Pedevillano, hereby certify that on this 27th day of September, 2024, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

                                                   /s/ __*Jennifer Pedevillano*____
                                                   Jennifer Pedevillano