FILED
IN CLERKS OFFICE
2024 SEP 30 PM 12: 35
U.S. DISTRICT COURT
DISTRICT OF MASS.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNIVERSITAS EDUCATION, LLC, ) | |
| ) | |
| Plaintiff-Appellee, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. |
| ) | 15-11848-DPW |
| LILLIAN GRANDERSON, as ) | |
| Successor to Jack E. Robinson, III, ) | |
| ) | |
| Defendant-Appellant. ) | |

## REPLY BRIEF IN SUPPORT OF MOTION
## TO STRIKE PURSUANT TO RULE 12(f)

Once again Mr. Manson tried to insult this Court's intelligence by suggesting that Rule 12(f) only protects actual parties and that this Court somehow lacks the power to strike "impertinent" and "scandalous" submissions on its own without a motion by anyone. In fact, the Supreme Court has made clear that this Court has a "duty" to strike defamatory and scandalous filings from its docket. As the entire filing of 1,960 pages of Exhibits never mentions Mrs. Granderson anywhere, but it is used to "libel" and "defame" Nonparty-Petitioner Daniel E. Carpenter, this Court should use its inherent powers to strike the whole filing *sua sponte*.

1

## I. A MOTION TO STRIKE IS APPROPRIATE IN THIS CASE

**"[T]he authority to protect persons from scandalous or defamatory material" pursuant to Rule 26 of the Rules of Practice for the Courts of Equity of the United States, a precursor to Fed.R.Civ.P. 12(f)). See 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1382 (3d ed.2004).**

Contrary to Mr. Manson's Opposition Brief, Rule 12(f) is designed to protect not just "parties" but "persons" as well. A motion to strike is **"appropriate for content that is 'redundant, immaterial, impertinent, [or] scandalous'"**, *Autila v. Massachusetts Bay Transportation Authority*, 342 F. R.D 23,33 (D. Mass 2022). While Petitioner-Carpenter is not a Party in this case, he is a Person and he is the one being defamed and libeled and the libel is libel *per se*. This Court has the power on its own to strike any part or all of a filing if it contains any redundant, immaterial, impertinent, **or** scandalous material. The Manson Brief includes all four.

In fact, as the Supreme Court has explained "[e]very court has supervisory power over its own records and files" to ensure they "are not used to gratify private spite or promote public scandal" or "serve as reservoirs of libelous statements for press consumption." This supervisory function is not only within a district court's power, but also among its responsibilities. In practice, district courts may employ several methods to fulfill this function. They may, for instance, issue protective orders forbidding dissemination of certain material "to protect a party or person from annoyance, embarrassment, oppression, or undue burden" and require that filings containing such material be submitted under seal.

If parties then seek to file such materials, the court may deny them leave to do so. District courts may also seek to counteract the effect of defamatory statements by explaining on the record that the statements appear to lack credibility. Moreover, under Federal Rule of Civil Procedure 12(f), the district court may strike such material from the filings on the grounds that it is "redundant, immaterial, impertinent, or scandalous." Because such rejected or stricken material is not "relevant to the performance of the judicial function" it would not be considered a "judicial document" and would enjoy no presumption of public access. Finally, in appropriate circumstances, district courts may impose sanctions on attorneys and parties under Federal Rule of Civil Procedure 11(c). *Brown v. Maxwell*, 929 F.3d 41, 51–52 (2d Cir. 2019).

## II.     MR. MANSON IS THE ONE WHO SHOULD BE SANCTIONED

In the spirit of the current campaign season, as much as Petitioner would like to refer to the fraudulent principals of Universitas as the lying "Childless Cat Ladies of Florida", that would serve no good purpose. However, the payout of Lincoln policies to the Charter Oak Trust ERISA Plan was delayed a year until the Trustee of the ERISA Plan sued Lincoln, and only then did they pay the benefit to the Trust. Because Sash Spencer's Widow, Mary Spencer, did not know about the policies, her attorneys threatened Jack Robinson and Wayne Bursey with a lawsuit if they paid a dime to the "floozies". Petitioner-Carpenter was not present at the table when the threat was made in 2008, but that explains why Wayne Bursey had to sue Lincoln in May 2009 (a year after Spencer's death) and that

3

is also when Jack Robinson learned about the fraud that Sharon Siebert and Donna Vassar were not in fact a real charity, but rather the mistresses who were to be paid when the policies were to be bought. Sash Spencer did not intend to die – but he did expect to use Grist Mill Capital's money to pay off his mistresses when the policies were sold. In fact, the deal was for $1,800,000 and Petitioner-Carpenter would be happy to share the FBI 302 Report which proves that this was Sash Spencer's intention. Suffice it to say, Paula Colbath, the earlier attorney for Universitas, knew the truth and dropped Grist Mill Capital and Petitioner-Carpenter from the Arbitration. Grist Mill Capital, LLC was always the beneficiary of the Policies, not Universitas who was the beneficiary of an ERISA Plan. So at least Paula Colbath knew the truth in 2010 – and that explains why she did not want to stay with the case once she realized all the lies and fraud that Mr. Manson was spinning. Whatever documents the Court would like to see in a sanctions motion against Mr. Manson or a fraud on the court motion pursuant to Rule 60(d)(3), Petitioner-Carpenter would be happy to provide. But for now, Petitioner just respectfully asks this Court to grant the Motion to Strike all of the impertinent and scandalous material in the Universitas Motion for Summary Judgment Motion.

## CONCLUSION

For all four reasons under Rule 12(f), Petitioner respectfully requests that this Court grant the Motion to Strike the entire Universitas Motion for Summary Judgment and all of its Exhibits.

        Respectfully Submitted,

        /s/ Daniel E. Carpenter
        Daniel E. Carpenter
        Petitioner, *pro se*
        18 Pond Side Lane
        West Simsbury, CT. 06092
        860-573-7770
        dcarpentermail@gmail.com

## CERTIFICATION

Petitioner Daniel E. Carpenter certifies that he sent a copy of this Motion to the Clerk of the Court, and to Attorneys for Universitas on September 27, 2024.

Respectfully Submitted,

/s/ Daniel E. Carpenter
Daniel E. Carpenter
Petitioner, *pro se*
18 Pond Side Lane
West Simsbury, CT. 06092
860-573-7770
dcarpentermail@gmail.com