UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNIVERSITAS EDUCATION, LLC,

        Plaintiff,   Civil Action No.
v.   No. 1:15-CV-11848 (DPW)

JACK E. ROBINSON, III A/K/A JACK E. ROBINSON,
ET AL,

        Defendants.

## MOTION FOR EXTENSION OF TIME TO FILE OBJECTION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

The Defendant, Lillian Granderson ("Granderson"), through counsel, files this Motion for Extension of Time to Object to Plaintiff's, Universitas Education, LLC ("Universitas") Motion for Summary Judgment. In support thereof, Defendant states as follows:

1. On June 25, 2024, this Court set a briefing schedule for the briefing of cross motions for summary judgment. *See* Doc. 228.

2. On August 6, 2024, Universitas filed a consented to motion for extension of time.

3. This Court granted the consented to motion for extension of time on August 7, 2024 and set a new briefing schedule wherein Cross Motions for Summary Judgment were due by August 22, 2024, Opposition Briefs were due no later than September 30, 2024 and Reply Briefs were due by October 16, 2024. *See* Doc. 231.

4. On August 22, 2024, Universitas files its 76-page Motion for Summary Judgment and Memorandum in Support, along with nearly 2,000 pages of exhibits. *See* Docs. 236 and 237.

5. On September 9, 2024, Granderson filed its Motion for Summary Judgment and Memorandum in Support. *See* Docs. 241 and 243.

1

6. Thereafter, due to a death in the family, lead counsel for Granderson traveled out of state for a period of time and was limited in her ability to review Universitas's extensive Motion for Summary Judgment and prepare an opposition.

7. As a result, Granderson filed a motion for extension of time to seeking to extend the opposition and reply brief deadlines for all parties, including Universitas, from September 30, 2024 and October 16, 2024 to October 15, 2024 and October 31, 2024, respectively. *See* Doc. 247.

8. The Court granted Granderson's motion for an extension of time on September 23, 2024. *See* Doc. 250.

9. Granderson now seeks additional time to file her opposition to Universitas's Motion for Summary Judgment on the basis that Granderson has not been provided with all of the discovery and underlying depositions and hearing transcripts in the possession of Universitas.

10. Granderson has asked on at least two occasions for Universitas to provide her *all* of the discovery, including transcripts, in Universitas possession.

11. Most recently, on September 12, 2024, Universitas shared a dropbox link and indicated it had done so.

12. However, in drafting the opposition to Universitas's Motion for Summary Judgment, with which Universitas filed 75 exhibits, it has become clear that is not the case.

13. By way of example, Exhibit 2 as attached to Universitas's Motion for Summary Judgment is a small excerpt of the Deposition of Wayne Bursey from November 17, 2009, specifically, Exhibit 2 is pages 22, 27, 33, and 72. Granderson is entitled to a copy of the entirety of Mr. Bursey's deposition transcript.

14. Exhibit 4 as attached to Universitas's Motion for Summary Judgment is a portion of

Volume II of a transcript in an arbitration captioned *Universitas Education, LLC v. Nova Group, Inc.*. Review of Exhibit 4 indicates a substantial portion of missing pages. Further, Granderson does not have any other transcripts from that arbitration.

15. Exhibit 5 as attached to Universitas's Motion for Summary Judgment is a document bearing bates UNIV-002355 to UNIV-2377. Granderson does not have the full set of documents bearing the bates prefix "UNIV."

16. Exhibit 7 as attached to Universitas's Motion for Summary Judgment is an excerpt of a transcript for the Deposition of Peter Goldman dated July 26, 2013. Exhibit 7 contains pages 98-101 and 242-245. Granderson does not have any other pages of that transcript.

17. Granderson could list additional examples, but for the sake of brevity will not do so. However, should the Court request a complete list of each exhibit to Universitas's Motion for Summary Judgment that is incomplete or suggests additional documents or transcripts, Granderson will provide the same.

18. Granderson therefore submits there is good cause to extend the deadline for Granderson's filing of her pleading until sixty (60) days *after* Universitas provides Granderson with copies of *all* of the discovery, including transcripts, related to this proceeding, which necessarily includes discovery and transcripts from underlying proceedings.

19. Universitas has been engaged in litigation related to the action against Granderson for the last fifteen (15) years and has a full arsenal of documents to which Granderson is not privy. *See* Universitas Memorandum of Law in Support of Summary Judgment, p. 2.

20. Such information should have been produced to Granderson pursuant to Rule 26(a)(1), which requires a party, "without awaiting a discovery request, provide to the other parties: a copy – or a description by category and location – of all documents, electronically stored

information – along with the subjects of that information – that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." *See* Fed. R. Civ. Pro. 26(a)(1)(A)(ii).

21. When Granderson was substituted as the Defendant, initial disclosures should have been provided to Granderson within 30 days. *See* Fed. R. Civ. Pro. 26(a)(1)(D).

22. Universitas seeks to obtain judgment against Granderson based on the alleged acts of her son, who is deceased and Universitas is attempting to do so without providing Granderson a full and fair opportunity to defend herself. *See United States v. Procter & Gamble*, 356 U.S. 677, 682 (1958) ("The purpose of discovery is to "make a trial less a game of blindman's buff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent.").

23. Granderson cannot be expected to oppose Universitas's Motion for Summary Judgment without a full and fair opportunity to review all discovery from this litigation and prior related litigation in order to defend herself.

24. Pursuant to Local Rule 7.1(a), counsel for Granderson attempted to confer with counsel for Universitas but as of the time of filing has not received a response.

WHEREFORE, Universitas respectfully requests that in light of the extenuating circumstances this Court extend the deadline for Granderson to file her pleading until sixty (60) days after Universitas provides Granderson with a full disclosure of discovery, including copies of discovery production, written responses, deposition transcripts and hearing transcripts, from this action and related actions.

Respectfully submitted this 14th day of October, 2024.

DEFENDANT,
LILLIAN GRANDERSON

/s/ ___BBO#708148_____

    Oscar L. Suarez
    Jennifer A. Pedevillano
    Halloran & Sage, LLP
    225 Asylum Street
    Hartford, CT 06103
    475-655-3400
    Email: suarez@halloransage.com
          pedevillano@halloransage.com

5

## CERTIFICATION OF COMPLIANCE WITH LOCAL RULE 7.1

I hereby certify that on October 14, 2024, counsel for the above listed Defendant, Lillian Granderson, attempted to confer with counsel for the other parties but did not receive a response prior to the filing of this motion.

/s/ ___*Jennifer A. Pedevillano*_____
Jennifer A. Pedevillano

## CERTIFICATE OF SERVICE

I, Oscar L. Suarez, hereby certify that on this 14th day of October 2024, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

/s/ ___BBO#708148_____
Oscar L. Suarez

9366374.v1