UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

UNIVERSITAS EDUCATION, LLC,

                 Plaintiff,                              Civil Action No.
        v.                                  No. 1:15-CV-11848 (DPW)

JACK E. ROBINSON, III A/K/A JACK E. ROBINSON,
ET AL,

                 Defendants.

---

**DEFENDANT'S OPPOSITION PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

      The Defendant, Lilian Granderson ("Ms. Granderson"), as substitute for Jack E.

Robinson, III ("Mr. Robinson"), respectfully submits this opposition to Plaintiffs, Universitas

Education, LLC ("Universitas"), Motion for Summary Judgment. Defendant notes that while it is

making every effort to provide a thorough opposition to Plaintiff's Motion for Summary

Judgment, Defendant does not have all of the information necessary to allow Defendant to cite to

material to show a fact cannot be established or is genuinely disputed as Defendant does not have

the same documents and transcripts as Plaintiff. Defendant filed a Motion for Extension of Time

to file this Opposition on October 14, 2024 for this very reason. *See* Doc. 256. As the facts are

unavailable to the nonmovant, the Defendant submits the Court should deny the Plaintiff's

Motion for Summary Judgment or, in the alternative, defer consideration and allow the

Defendant time to obtain the documents and transcripts and review same prior to filing a

supplemental opposition to Plaintiff's Motion for Summary Judgment.

      Further, Defendant submits that if the Court denies Defendant's Motion for Summary

Judgment due to a genuine issue of material fact with respect to whether res judicata applies,

whether ERISA preempts Plaintiff's claims, and/or whether the claims were brought within the

IMANAGE\31727\0001\9368265.v1-10/15/24

applicable statute of limitations, this Court must necessarily deny Plaintiff's Motion for Summary Judgment as well. The Court cannot enter summary judgment in favor of Plaintiff if there remain genuine issues of material fact with respect to res judicata, ERISA preemption and/or statute of limitation issues.

I.     **RESPONSE TO PLAINTIFF'S STATEMENT OF MATERIAL FACTS**

Despite the lack of documents and transcripts, Defendant responds to Plaintiff's Statement of Material Facts to the best of its ability based on the information currently in its possession. Defendant reserves her right to supplement the response if and when additional information is received.

1. Any pending proceedings cannot be used to establish a material fact.

2. Plaintiff failed to provide a citation as required by Rule 56.1 of the Massachusetts Local Rules of the District of Massachusetts.

3. Plaintiff cites to Exhibit 8. However, Exhibit 8 is a transcript, not emails as represented.

4. The exhibits cited do not establish that Robinson created shell entities used by Daniel Carpenter as part of an alleged "fraudulent" scheme. Exhibit 53 is purported to be a transcript from the deposition of Wayne Bursey but is an Interim Arbitration Aware in the matter of *Universitas Education, LLC v. Nova Group, Inc., Wayne Bursey Benistar Admin Services, Inc., Donald Trudeau Grist Mill Capital, LLC, and Daniel E. Carpenter.*

5. Admitted.

6. The transcript cited does not establish that Mr. Carpenter controlled Nova Group ("Nova") after Wayne Bursey replaced him or even that Mr. Bursey directly replaced Mr. Carpenter. Further, the transcript does not establish that Mr. Carpenter controlled Nova.

7. No citation was provided with respect to the claim regarding "network to further Carpenter's criminal schemes."

8. The cited Stipulation does not establish that the "shell companies" were "largely interchangeable" or even the companies that shared the business addresses in Simsbury, Connecticut and Stamford, Connecticut.

9. Nothing in the cited transcript establishes Benistar Administrative Services, Inc. ("BASI") was the "centerpiece" of a "network" of any kind.

10. Plaintiff cites to Exhibit 1, which is not a transcript. It is unclear what transcript Plaintiff is attempting to reference. As such, this cannot be established as a material fact.

11. The cited transcript does not establish a prior determination of fraud as alleged in paragraph 11.

12. The Settlement Agreement speaks for itself.

13. It is Admitted the United States District Court for the District of Connecticut made this finding.

14. The cited testimony provided by Mr. Robinson does not establish that he was Vice President of Nova Group.

15. It is admitted that Mr. Robinson was one of many targets of a grand jury investigation. However, the cited Stipulation does not establish anything further. In addition, being a *target* does not establish the material facts necessary for Plaintiff to obtain summary judgment.

16. It is admitted Mr. Robinson signed both agreements. However, Plaintiff has not established Mr. Robinson was one of only two people who negotiated with Ridgewood

on behalf of GMC and Nova – rather the transcript only supports the conclusion that *most* of the witness's dealings were with Mr. Robinson or Don Trudeau.

17.  Robinson was one of three signatories on each account. *See* Plaintiff's Exhibit 13. Further, Exhibit 14 only establishes that invoices were sent to Robinson on one occasion.

18. Admitted.

19. Admitted.

20.  Exhibit 17 is a First Amended Statement of Claim from an arbitration. It does not establish a material fact. However, paragraph 21 is Admitted.

21.  Exhibit 17 is a First Amended Statement of Claim from an arbitration. It does not establish a material fact. However, paragraph 22 is Admitted.

22. Admitted.

23. Plaintiff failed to provide a citation as required by Rule 56.1 of the Massachusetts Local Rules of the District of Massachusetts.

24.  Admitted that Sash Spencer died on June 10, 2008. The citation provided does not establish the Charter Oak Trust executed a claim for the death benefits.

25.  The exhibit cited was not provided. However, it is admitted that Mr. Bursey commenced litigation as noted.

26.  The exhibit cited does not establish the payment of the death benefit.

27. Plaintiff did not provide page two of Exhibit 20 and as such Defendant cannot comment on paragraph 27.

28.  Plaintiff did not provide page two of Exhibit 20. However, it is admitted the Court's finding supports paragraph 28.

IMANAGE\31727\0001\9368265.v1-10/15/24

29.  Admitted that Mr. Carpenter's explanation was the basis for an obstruction of justice charge based on the document provided.

30. Admitted that this was the testimony and the Court's finding.

31.  Admitted that Universitas's claim to the insurance proceeds was denied on October 2, 2009.

32. The testimony cited does not support the statement in paragraph 32.

33.  Paragraph 33 is a conclusion and Plaintiff failed to provide a citation as required by Rule 56.1 of the Massachusetts Local Rules of the District of Massachusetts

34.  Admitted.

35.  Admitted that Mr. Robinson stated in the letter Section 6.01 allowed Nova to withhold 20%. There is no evidence to establish it was the first time Mr. Robinson stated same.

36.  The citation provided does not establish the holdback provision in Section 6.01 was fraudulently added.

37.  Admitted these emails were sent, the documents speak for themselves.

38.  Admitted that Arthur Michaelson appears to have sent the communication, the document speaks for itself.

39. Admitted Exhibit 28 appears to show that Mr. Robinson and Mr. Carpenter were involved in creating the Settlement Agreement with Ms. Spencer.

40.  Plaintiff failed to provide a citation as required by Rule 56.1 of the Massachusetts Local Rules of the District of Massachusetts.

41.  The citation and exhibit provided only establish that Ivan Schinderman believes Mr. Robinson sent the noted version of Section 6.01 in 2008. There is nothing to establish that Mr. Robinson in fact did so.

42.  The citation and exhibit provided only establish that Ivan Schinderman believes the "original plan" contained the noted version of Section 6.01. There is nothing to establish that Mr. Robinson in fact did so.

43.  There is no evidence to establish whether or not Mr. Robinson objected and no citation was provided for the claim that he did not. In addition, no citation was provided for the claim that Mr. Robinson knew Section 6.01 was modified after it had originally been agreed to by Mr. Spencer.

44.  Plaintiff failed to provide a citation as required by Rule 56.1 of the Massachusetts Local Rules of the District of Massachusetts as to whether or not consent was ever received.

45.  Ms. Granderson cannot comment on Universitas's motivation for hiring counsel. Admitted that Universitas's counsel wrote a letter as stated in paragraph 45.

46.  Admitted that Mr. Robinson identified Universitas's prior communications as a "threat of litigation." As to whether Mr. Robinson signed the March 2, 2009 letter as General Counsel for Benistar, the letter is unclear. Rather, it appears Mr. Robinson signed the letter on behalf of Nova per the opening line of the letter and mistakenly used the wrong letterhead.

47.  Admitted.

48.  Admitted that Alex Sgoutas emailed Robinson on May 29, 2009. Ms. Granderson cannot comment on Universitas's purpose in seeking the aid of Alex Sgoutas.

49.  Admitted that Mr. Robinson sent the email.

50.  The exhibit provided by Plaintiff does not support the statement in paragraph 50.

IMANAGE\31727\0001\9368265.v1-10/15/24

51.  Admitted that Mr. Robinson sent a letter in his capacity as General Counsel for Nova stating Universitas failed to file a timely claim. There is no evidence to establish it was the first time Mr. Robinson stated same.

52.  Admitted that Mr. Robinson's July 8, 2009 letter referenced the existence of a confidential agreement between Sash Spencer and Grist Mill Capital. There is no evidence to establish it was the first time Mr. Robinson stated same.

53.  Nothing cited by Universitas establishes a fraudulent agreement between the Charter Oak Trust and Grist Mill Capital, or that July 9, 2008 was the first time the agreement was referenced.

54.  The testimony cited reflects that the unidentified witness did not find the agreement referenced, not that it never existed.

55.  The letter cited speaks for itself.

56.  The letter cited speaks for itself.

57. Admitted that Mr. Robinson testified he drafted the July 30, 2009 letter to Universitas.

58.  The exhibit cited does not indicate whether or not Mr. Robinson was involved in the "executive board meeting," only that he was cc'd on an email from Guy Neumann regarding a meeting.

59. Ms. Granderson cannot comment on what caused Universitas to hire new counsel or why Mr. Robinson sent the letter. The letter cited speaks for itself however nothing in the letter indicates the issues outlined were "pretextual."

60. The letter cited speaks for itself.

61.  Ms. Granderson cannot comment on whether the September 21, 2009 letter from Lenny Openheim "cured" the issues. Admitted that Nova denied the claim for benefits.

IMANAGE\31727\0001\9368265.v1-10/15/24

62. The letter cited speaks for itself.

63. Ms. Granderson cannot comment on this "material fact" as the transcript excerpts provided do not allow Ms. Granderson to determine the identity of the witness or the document referenced in the testimony.

64. The letter cited speaks for itself.

65. The letter cited speaks for itself. However, nothing in the letter indicates Mr. Robinson's statements contained therein were incorrect or that it was the "first time" the death benefits were stated to be worth $20 million.

66. Plaintiff failed to provide a citation as required by Rule 56.1 of the Massachusetts Local Rules of the District of Massachusetts.

67. Ms. Granderson cannot comment on this "material fact" as the citation begins mid-answer and Ms. Granderson was not provided the prior pages to review the question and the entirety of the answer. Further, the limited testimony provided does not indicate that Mr. Robinson was "involved" other than reviewing the transaction and even the transaction being discussed in the testimony is unclear.

68. The letters cited speak for themselves.

69. The letter cited speaks for itself, however, Ms. Granderson notes the letter contains a number of reasons for the denial of the claim.

70. Plaintiff failed to provide a citation as required by Rule 56.1 of the Massachusetts Local Rules of the District of Massachusetts. Plaintiff cannot look-up an arbitration case.

71. The letter cited speaks for itself.

72. The letter cited speaks for itself.

73. The affidavit speaks for itself.

IMANAGE\31727\0001\9368265.v1-10/15/24

74. Plaintiff failed to provide a citation as required by Rule 56.1 of the Massachusetts Local Rules of the District of Massachusetts regarding the claim that the Arbitrator found the affidavit submitted by Bursey was inadequate. The affidavit of Mr. Robinson speaks for itself.

75. Admitted Exhibit 51 bank statements show the account closed in June 2010.

76. Richard Order did not testify that Mr. Robinson definitively stated a reason Mr. Robinson allegedly did not want Mr. Order to know the location of the funds. Rather, Mr. Order testified that Mr. Robinson "may" have said a statement.

77. Plaintiff failed to provide a citation as required by Rule 56.1 of the Massachusetts Local Rules of the District of Massachusetts.

78. It is unclear what statements Plaintiff is referring to. As such, Ms. Granderson cannot respond.

79. The affidavit cited speaks for itself.

80. Mr. Robinson's testimony cited by Plaintiff contradicts Plaintiff's statement that "Robinson testified that Carpenter was not involved with Nova or the [Charter Oak Trust]." Rather, in the testimony cited, Mr. Robinson testified Mr. Carpenter was the one who appointed him as general counsel of Nova and that Mr. Carpenter served as chairman of Nova at one point. The Charter Oak Trust was not discussed in the cited testimony. Ms. Granderson does not see where in the Court decision the Court found Mr. Carpenter controlled Nova and the Charter Oak Trust's litigation strategy.

81. Plaintiff has not established no agreement existed.

82. The testimony cited does not establish that Robinson "added" the twenty percent holdback provision at any point.

83.  The interim arbitration award speaks for itself.

84.  The interim arbitration award speaks for itself.

85.  The interim arbitration award speaks for itself.

86.  The Court decision speaks for itself.

87.  The Court decision speaks for itself.

88.  The testimony cited does not establish the extent of Mr. Robinson's involvement in drafting. Mr. Robinson testified that "sometimes [his] review is just prediction, grammatical reviews." *See* Exhibit 54, p. 345:20 – p. 346:12.

89.  The case citations provided do not support the statements in paragraph 89.

90.  The Court decision speaks for itself.

91.  The Court decision speaks for itself.

92.  The Court decision speaks for itself.

93.  The Court decision speaks for itself.

94.  The Motion to Quash speaks for itself. However, there is no indication Mr. Robinson directed the filing of the Motion to Quash or was otherwise in control of the motion.

95.  The Court decision speaks for itself.

96.  The Court decision speaks for itself.

97.  The document cited shows that Grist Miss Trust satisfied the judgment but does not indicate that in the last six years no other party has satisfied the judgment against it.

98.  Admitted that the document shows $30,677,276.85 was deposited into the Charter Oak Trust bank account.

99.  The cited exhibit does not establish that no other money was ever deposited into the Charter Oak Trust bank account contained in Exhibit 59.

100. The cited exhibit does not indicate who made the transfers.

101. Admitted that the exhibit shows a $50,000 wire transfer to Jack E. Robinson, Esq. The exhibit cited does not indicate the purpose of the wire transfer.

102. The exhibit cited does not indicate who made the withdrawal. Nor does the exhibit establish that "all of the money in [Grist Mill Capital's] account after October 28, 2009 was money wrongfully denied from Universitas" as claimed.

103. The cited exhibits speak for themselves.

104. The cited exhibits speak for themselves.

105. The cited exhibits speak for themselves.

106. The cited exhibits speak for themselves.

107. The cited exhibits speak for themselves.

108. The cited exhibits speak for themselves.

109. The cited exhibits speak for themselves but do not establish that Benistar Group, Ltd. is "another Carpenter alter ego."

110. The cited exhibits speak for themselves.

111. The Court decision speaks for itself.

112. Plaintiff failed to provide a citation as required by Rule 56.1 of the Massachusetts Local Rules of the District of Massachusetts.

113. The Court decision speaks for itself.

114. The Court decision speaks for itself.

## II.   SUPPLEMENTAL STATEMENT OF MATERIAL FACTS

Defendant has filed simultaneously with this Opposition a motion pursuant to Federal Rule of Civil Procedures 56(d) ("Rule 56(d) Motion"). As noted in Ms. Granderson's Rule 56(d)

Motion, Ms. Granderson cannot present facts essential to its opposition due to Plaintiff's failure to provide additional discovery to Ms. Granderson. Plaintiff's counsel has been representing Universitas throughout this litigation, as well as underlying litigation, and defense counsel undertook the representation of Ms. Granderson only a few months ago. Further, to the best of counsel's information and belief, Plaintiff's counsel failed to provide Ms. Granderson with initial disclosures when Ms. Granderson was formally substituted as a defendant. As such, this Court should defer consideration of this motion or deny it or allow Ms. Granderson time to obtain the necessary discovery from the underlying matters. Ms. Granderson, the elderly mother of the original defendant, Jack E. Robinson, is at a distinct disadvantage having to defend her son's name and reputation without the knowledge and information Plaintiff possesses. Notably, when Plaintiff provided prior testimony in support of its Motion for Summary Judgment, Plaintiff provided only a *portion* of a transcript, which prevents Ms. Granderson from fully evaluating Plaintiff's evidence and causes severe prejudice to Ms. Granderson. At points Ms. Granderson is unable to even confirm the identity of the witness testifying in a transcript excerpt. As such, this Court should grant Ms. Granderson's Rule 56(d) Motion and allow her sufficient time to review a complete copy of discovery and transcripts from underlying matters, in particular a complete copy of each document production and/or transcript Plaintiff relies on to support its Motion for Summary Judgment.

### III.   LEGAL STANDARD

Pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, "[t]he court shall grant summary judgment if the movant shoes that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "In weighing the evidence before it to determine if it is more than a scintilla or mere allegations, this Court has

a duty to look at the record in the light more favorable to the party opposing the motion and indulge all inferences favorable to the party opposing the motion." *Pedraza v. Shell Oil Co.*, 724 F. Supp. 1, 3 (D. Mass. 1989) (internal citations omitted). "If, after this canvassing of the material presented, the district court finds that *some* genuine factual issue remains in the case, whose resolution one way or another *could* affect its outcome, the court must deny the motion." *Id*. (emphasis in original). "The standard for granting summary judgment is even stricter in instances where . . . the material fact in question involves a party's state of mind. State of mind is difficult to prove, and great circumspection is required where summary judgment is sought on an issue involving state of mind." *Pedraza v. Shell Oil Co.*, 724 F. Supp. 1, 3 (D. Mass. 1989). "It is black-letter law that hearsay evidence cannot be considered on summary judgment." *Bourassa v. MassCor Optical Indus.*, 548 F.Supp.3d 262, 267 (D. Mass. 2021).

**IV.   LEGAL ARGUMENT**

**A. There Are Genuine Issues of Material Fact With Respect To Plaintiff's RICO Claim.**

"RICO makes it a crime for 'any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity,' or participate in a conspiracy to do so." *United States v. Millan-Machuca*, 991 F.3d 7, 17 (1st Cir. 2021). "Civil RICO is an unusually potent weapon – the litigation equivalent of a thermonuclear device." *Roe v. Baker*, 624 F. Supp. 3d 52, 61 (D. Mass. 2022), *aff'd sub nom*. *Roe v. Healey*, 78 F.4th 11 (1st Cir. 2023).  The elements of a civil RICO claim are: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Id.*

"To conduct or participate, directly or indirectly, in the affairs of an enterprise requires a showing that a defendant took *some* part in *directing* the enterprise's affairs." *In re Lupron Mktg.*

13

*& Sales Pracs. Litig.*, 295 F. Supp. 2d 148, 164 (D. Mass. 2003). "The term 'enterprise' is defined in the RICO statute as including 'any individual, partnership, corporation, association, or other legal entity, *and* any union or group of individuals *associated in fact* although not a legal entity." *Libertad v. Welch*, 53 F.3d 428, 441 (1st Cir. 1995) (emphasis in original). There are two types of enterprises – legal entities and associations-in-fact. *Id*. Our Supreme Court has explained that "in order to prove a RICO claim, a plaintiff must show both an 'enterprise' and a 'pattern of racketeering activity.' The enterprise is an entity, a group of persons associates for a common purpose of engaging in a course of conduct. The pattern of racketing activity, on the other hand, is a series of criminal acts as defined by the RICO statute." *Id*. "The former is proved by evidence of an ongoing organization, formal or informal, and by evidence that the various associates function as a continuing unit. The latter is proved by evidence of the requisite number of acts of racketeering committed by the participates in the enterprise." *Id*. "[P]roof of one does not necessarily establish the other." *Id*. "The 'enterprise' is not the 'pattern of racketeering activity;' it is an entity apart and distinct from the pattern of activity in which it engages. The existence of an enterprise is, therefore, a separate element which must be proven." *Id*. "Although a RICO pattern need not have countless victims" Courts have "firmly reject[ed] RICO liability where the alleged racketeering acts, taken together, comprise a single effort to facilitate a single financial endeavor." *Efron v. Embassy Suites (Puerto Rico), Inc.*, 223 F.3d 12, 19 (1st Cir. 2000). *See Edmondson & Gallagher v. Alban Towers Tenants Ass'n*, 48 F.3d 1260, 1265 (D.C. Cir. 1995) (combination of "single scheme, single injury, and few victims … makes it virtually impossible for plaintiffs to state a RICO claim").

Here, Plaintiff has not set forth evidence to show it is undisputed that Mr. Robinson was part of an "enterprise" as required by RICO. Rather, Plaintiff has focused its evidence on Mr.

Robinson's alleged involvement with the death benefits from Sash Spencer's life insurance policies. Plaintiff has not set forth any evidence, undisputed or otherwise, to show that Mr. Robinson was involved in the applications for the life insurance policies, Mr. Spencer's or others. Even if Plaintiff's claimed "undisputed material facts" with respect to Mr. Robinson's alleged involvement with Mr. Spencer's death benefit are true, which Defendant submits they are not, such actions would be a "single effort to facilitate a single financial endeavor" – which is insufficient for RICO liability. *See Edmondson & Gallagher v. Alban Towers Tenants Ass'n*, 48 F.3d 1260, 1265 (D.C. Cir. 1995).

Further, Plaintiff has not established that Mr. Robinson took at least *some* part in *directing* the enterprise's affairs." *See In re Lupron Mktg. & Sales Pracs. Litig.*, 295 F. Supp. 2d 148, 164 (D. Mass. 2003). Plaintiff has not shown that Mr. Robinson *knowingly* engaged in any conduct which would violate RICO. *See Pedraza v. Shell Oil Co.*, 724 F. Supp. 1, 3 (D. Mass. 1989) ("State of mind is difficult to prove and great circumspection is required where summary judgment is sought on an issue involving state of mind"). As such, there is a genuine issue of material fact as to whether the elements for civil RICO liability have been satisfied.

**B. There Are Genuine Issues Of Material Fact As To The Existence Of A Fiduciary Duty Between Universitas And Mr. Robinson, Whether Mr. Robinson Aided And Abetted Mr. Bursey And Nova In Breaching Their Fiduciary Duty To Universitas, Whether Mr. Robinson Aided And Abetted Fraud And Whether Mr. Robinson Participated In A Conspiracy.**

Under New York law, the elements of a black for breach of fiduciary duty are "breach by a fiduciary of a duty owed to plaintiff; defendant's knowing participation in the breach; and damages." *Anwar v. Fairfield Greenwich Ltd.*, 728 F. Supp. 2d 372, 415 (S.D.N.Y. 2010). "A fiduciary relationship arises where one party's superior position or superior access to confidential information is so great as virtually to require the other party to repose trust and confidence in the first party and the defendant was under a duty to act for or to give advice for the benefit of

another upon matters within the scope of the relation." *Id*. "Whether the duty exists is a fact-specific inquiry." *Id*. *See Musalli Factory for Gold & Jewelry v. JPMorgan Chase Bank*, 261 F.R.D. 13, 26 (S.D.N.Y. 2009), *aff'd*., 382 Fed.Appx. 107 (2d Cir. 2010) ("New York courts generally avoid dismissing a claim of breach of fiduciary duty ... because it usually involves a question of fact: whether someone reposed trust and confidence in another who thereby gains a resulting superiority or influence.").

There are genuine issues of material fact as to whether, and to what extent, Mr. Robinson owed a fiduciary duty to Plaintiff and there are genuine issues of material fact as to whether Mr. Robinson was in control of Nova. Plaintiff relies on *EBC I, Inc. v. Goldman, Sachs & Co.*, 5 N.Y.3d 11 (2005) in an attempt to support its position that there are enough "facts" here to prove the existence of a fiduciary relationship. However, *EBC I* concerned a motion to dismiss and simply allowed a cause of action for breach of fiduciary duty to move forward. As the Court is aware, the standards for a claim to survive a motion to dismiss and the entry of summary judgment are very different. The Court in *EBC I* even recognized that "[i]f the parties do not create their own relationship of higher trust, courts should not ordinarily transport them to the higher realm of relationship and fashion the stricture duty for them." *Id*. at 19-20.

Similarly, there are genuine issues of material fact as to whether Mr. Bursey and Nova owed a fiduciary duty to Plaintiff, whether Mr. Bursey and/or Nova breached that fiduciary duty, and therefore whether Mr. Robinson aided Mr. Bursey and/or Nova in breaching that fiduciary duty as well as to whether Mr. Robinson aided and abetted fraud. Plaintiff attempts to try its entire case against Mr. Robinson by "guilt through association" but that is not sufficient for the entry of summary judgment, particularly when no "guilt" has been established with respect to those who Mr. Robinson associated with or is alleged to have conspired with.

### C.  There Is A Genuine Issue Of Material Fact As To Whether Mr. Robinson Engaged In Negligent Misrepresentation And/Or Negligent Opinion.

First, similar to the reasons why there are genuine issues of material fact as to whether Mr. Robinson had a fiduciary duty to Plaintiffs, there are genuine issues of material fact as to whether Mr. Robinson has a special relationship with Plaintiff. Plaintiff bases its argument that a special relationship exists solely on its claim that a fiduciary relationship exists.

Further, Plaintiff is required to prove it reasonably relied on Mr. Robinson's statements. As Plaintiff recognizes, it is only in "rare instances" that the issue of reasonable reliance can be resolved at the summary judgment stage. Without admitting any of Plaintiff's allegations regarding Mr. Robinson's alleged acts, a plain reading of Plaintiff's allegations and the story Plaintiff sets forth shows that at the time Mr. Robinson made the alleged misrepresentations, the Plaintiff had an obligation to investigate the statements. "New York law imposes an affirmative duty on sophisticated [parties] to protect themselves from misrepresentations." *Glob. Mins. & Metals Corp. v. Holme*, 35 A.D. 3d 93, 100, 824 N.Y.S.2d 210 (2006). "Moreover, when the party to whom a misrepresentation is made has hints of its falsity, a heightened degree of diligence is required of it." *Id.* "It cannot reasonably rely on such representations without making additional inquiry to determine their accuracy." *Id.* Therefore, "[w]hen a party fails to make further inquiry . . . it has willingly assumed the business risk that the facts may not be as represented." *Id*.

Based on the dispute between Plaintiff and a number of other entities, to which Mr. Robinson is alleged to have had some relationship, there is a genuine dispute as to whether Plaintiff's reliance was reasonable. As such, summary judgment cannot enter.

### D.  There Are Genuine Issues Of Material Fact With Respect To Plaintiff's Claim For Unjust Enrichment.

"To prevail on a claim for unjust enrichment in New York, a plaintiff must establish (1) that the defendant benefitted; (2) at the plaintiff's expense; and (3) that equity and good conscience require restitution." *Greene v. Gerber Prod. Co.*, 262 F. Supp. 3d 38, 77 (E.D.N.Y. 2017). "However, unjust enrichment is not a catchall cause of action to be used when others fail . . . and an unjust enrichment claim is not available where it simply duplicates, or places, a conventional contract or tort claim." *Id.* "Typical cases are those in which the defendant, though guilty of no wrongdoing, has received money to which he or she is not entitled." *Id.* Summary judgment on Plaintiff's claim for unjust enrichment should be denied because it is duplicative of Plaintiff's other claims.

In addition, it should be denied as Plaintiff has not shown the lack of a genuine issue of material fact as to whether there was the requisite relationship between Plaintiff and Mr. Robinson. *See Mandarin Trading Ltd. v. Wildenstein*, 16 N.Y.3d 173, 182 (2011) ("there are no indicia of an enrichment that was unjust where the pleadings failed to indicate a relationship between the parties that could have caused reliance of inducement."). There are genuine issues of material fact as to whether money Mr. Robinson received was at the expense of Plaintiff or due to Mr. Robinson for a reason unknown to Plaintiff.

### V.  <u>CONCLUSION</u>

Wherefore, for the reasons stated herein, Plaintiff's motion for summary judgment should be denied in its entirety. In the alternative, a ruling should be deferred, and Defendant should be permitted to obtain the necessary discovery and file a supplemental opposition to Plaintiff's Motion for Summary Judgment.

Respectfully submitted this 15th day of October 2024.

DEFENDANT, LILLIAN GRANDERSON

/s/ ___*Jennifer Pedevillano*____

Jennifer A. Pedevillano
Halloran & Sage, LLP
225 Asylum Street
Hartford, CT 06103
475-655-3400
Email: pedevillano@halloransage.com

Oscar L. Suarez
Halloran & Sage, LLP
One Goodwin Square
225 Asylum Street
Hartford, CT 06103
860-522-6103
Email: suarez@halloransage.com

IMANAGE\31727\0001\9368265.v1-10/15/24

## <u>CERTIFICATE OF SERVICE</u>

I, Jennifer Pedevillano, hereby certify that on this 15th day of October, 2024, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

/s/ __*Jennifer Pedevillano*____
Jennifer Pedevillano

9366580v.1

IMANAGE\31727\0001\9368265.v1-10/15/24